**Wilma Cook FARLEY et al., Appellants,**

v.

**Willie B. Graves COOK, Successor Temporary Administrator of the Estate of W. T. Cook, Deceased, Appellee.**

No. 7724.

Court of Civil Appeals of Texas.

Texarkana.

April 12, 1966.

Bruce Youngblood, Harless, Bailey & Youngblood, Dallas, for appellants.

Grier H. Raggio, Raggio & Raggio, Dallas, for appellee.

CHADICK, Chief Justice.

This is a probate matter. An appeal from the Probate Court of Dallas County to a District Court of that County was dismissed in the District Court on motion for summary judgment. The judgment of the district court is in part affirmed and in part reversed and remanded.

W. P. Cook died January 17, 1965. L. V. Fisher, a grandson, was appointed temporary administrator of the estate of this decedent on January 18, 1965. The next day, January 19, 1965, the widow of the deceased, Willie B. Graves Cook, filed a written motion to remove Fisher as temporary administrator and in the same instrument applied for appointment as temporary administratrix in succession to him. At a hearing January 26, 1965, Fisher was discharged and the widow was appointed. Thereafter by order dated February 26, 1965, the widow was appointed permanent administratrix of the estate of W. T. Cook, deceased, granted letters of administration, etc.

The aforesaid order appointing Willie B. Graves Cook permanent administratrix as it is reproduced in the transcript of this case clearly makes an unqualified appointment and appears to have been in-

tended to be conclusive of that matter and the issues necessarily decided in association therewith. No one interested in the W. T. Cook estate gave notice of appeal within ten days, nor filed an appeal bond within fifteen days after rendition of such order to perfect an appeal therefrom in conformity with the direct appeal requirements of Rules 332 and 333, Vernon's Ann.Tex.Rules of Civil Procedure. Neither was review of the order sought by way of bill of review or certiorari. The order of February 26, 1965, is an appealable order of the probate court. "Decedents' Estates, 18 Tex.Jur.2d 134, § 128. The order became final and conclusive in this direct appeal when the time period for appeal expired; subject of course to the power of the probate court over its orders during the court term the order was made.

A few days following the order appointing Mrs. Cook permanent administratrix, she, on March 2, 1965, filed a temporary administratrix's sworn final account in which she asked to be appointed permanent administratrix, an appointment that had already been accorded her by the order of February 26, 1965. The inconsistent relief prayed for is emphasized in this reproduction of the prayer to her final account, to-wit:

"WHEREFORE, PREMISES CONSIDERED, this Successor *Temporary Administratrix, Willie B. Graves Cook, requests that she* be discharged as Successor Temporary Administratrix and *be appointed permanent Administratrix* and that she and her sureties be discharged from all liability as Successor Temporary Administratrix and said bond be continued in a reduced amount as may be deemed appropriate by this court that said bond be applicable to her and her sureties as permanent Administratrix and for such other orders as the court may find expedient to simplify the administration of this estate."

A written objection to the temporary administratrix's final account was filed by Weldon Fisher, who is described in his pleading as "an heir at law of W. T. Cook and a person interested in this estate * * ". Between the date Weldon Fisher filed his objection to the account and the final order made thereon on May 4, 1965, numerous pleadings were filed, but a description of all of them is not important to an understanding of the issues determined in this appeal.

An order dated May 4, 1965 (the final of a series) approving the temporary administratrix's final account preliminarily recites that sworn testimony was heard in open court on three separate occasions and then (1) approves the temporary administratrix's final account as supplemented; (2) awards attorney fees to the temporary administratrix's attorney; (3) allows the temporary administratrix fees for service in that capacity; (4) adjudges all costs of the proceedings against L. B. Fisher and Weldon Fisher jointly; (5) discharges the temporary administratrix, as such, from the administration of the estate; (6) releases and discharges the sureties on the temporary administratrix's bond; (7) *appointed Willie B. Graves Cook permanent administratrix of the estate of W. T. Cook deceased, as of the date of the order;* and (8) set the amount of bond required of her in this capacity, etc. Willie B. Graves Cook having excepted to the action of the court with respect to certain portions of the order, and L. B. Fisher, Willie Cook Farley and Weldon Fisher having made like exceptions to other parts, the court set appeal bonds at $250.00 as to each of the parties' appealing from the order to the district court.

Willie B. Graves Cook abandoned her appeal to the district court, but L. B. Fisher, Weldon Fisher and Wilma Cook Farley[*] gave timely notice of appeal and seasonably filed their appeal bonds. The mechanics of perfecting an appeal to the district court

---

[*] The status of each of these parties as persons interested in the estate was not an issue in either of the courts below.

is not questioned. Willie B. Graves Cook as defendant in the district court and as administratrix of the estate of W. T. Cook filed a sworn instrument labeled "Motion for Summary Judgment and/or Dismissal". L. B. Fisher, Weldon Fisher and Wilma Cook Farley filed a written but unsworn reply thereto. After a summary judgment hearing in the district court an order was entered dismissing the appeals of the two Fishers and Wilma Cook Farley and assessing costs against them.

One of the complaints in this court of appellants, L. B. and Weldon Fisher and Wilma Cook Farley is that the district court had jurisdiction of the appeal. Earlier in the opinion the absence of an effort to appeal from the original order dated February 26, 1965, appointing Mrs. Cook permanent administratrix was discussed and the conclusion expressed that for the purpose of the present review the order constituted a final adjudication of that question. In the further recitation of the facts it has been set out that the Judge of the Probate Court on May 4, 1965, entered a second order appointing Mrs. Cook permanent administratrix of the W. T. Cook estate; a position she then occupied by virtue of the unvacated first order. The appointment of a permanent administratrix in the order of May 4, 1965, is a nullity. Mullins v. Thomas, 136 Tex. 215, 150 S.W. 2d 83 (Comm.App.1941, op. adpt.); Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705 (Comm.App.1944, op. adpt.); 1 Freeman on Judgments 180 § 102 (5th Ed.); Rule 301, V.A.T.R. The district court was without jurisdiction to review the appointment of Willie B. Graves Cook as permanent administratrix, and its order dismissing that portion of the appeal from the probate court must be affirmed

Review of a probate court order approving the account of a temporary administrator may be had by appeal to the district court. Richardson v. Kennedy, 74 Tex. 507, 12 S.W. 219; Cook v. Wilmeth (Tex.Civ.App.1942), 166 S.W.2d 359, no writ. In this instance the order of the probate court approved the temporary administratrix's final account, released sureties, allowed fees to the administratrix and her attorneys, assessed costs, etc. These matters are proper objects of a review by trial de novo on appeal to the district court. In the probate court the burden of proof to show the justice of the final account is on the temporary administratrix. "Decedents' Estate", 19 T.J.2d, § 1051. Considered as pleadings the final account and the objections to it raised issues as to material facts that are not settled by the record. In the district court the issues are tried de novo in accordance with procedure applicable in other civil suits. Rule 334; "Decedents' Estates", 19 Tex.2d 121 § 1070. The burden of proof to sustain the account was on Willie B. Graves Cook. The motion for summary judgment was sworn to, but the motion contained no evidentiary matter bearing upon the fact issues raised. No depositions, affidavits or admissions were filed. In short, genuine issues of material fact that Willie B. Graves Cook had the burden of proving were left unresolved. The district court should not have dismissed the appeal from the probate court's approval of the final account.

The judgment of the trial court dismissing the appeal from the order appointing Willie B. Graves Cook is affirmed. The remainder of the judgment is reversed.