**Wilma Cook FARLEY et al., Appellants,**

v.

**Willie B. Graves COOK, Appellee.**

No. 16801.

Court of Civil Appeals of Texas.

Dallas.

Nov. 10, 1966.

Rehearing Denied Dec. 16, 1966.

Harless, Bailey & Youngblood, Bruce Youngblood, Dallas, for appellants.

Grier H. Raggio, J. Harvey Lewis, Dallas, for appellee.

BATEMAN, Justice.

This is an appeal from the judgment of the district court sustaining a motion for summary judgment in a probate case, dismissing the appeal from the probate court to the district court and remanding the case to the probate court. We shall endeavor to list in chronological order the events leading up to this appeal, as reflected by the record before us.

On March 2, 1965 Willie B. Graves Cook, Successor Temporary Administratrix of the Estate of W. T. Cook, Deceased, filed in the probate court her Final Account and Application for Discharge as Temporary Administratrix and Appointment as Permanent Administratrix. On March 8, 1965 Weldon Fisher, one of the appellants herein, alleging himself to be an heir at law of W. T. Cook, filed in the probate court his objections to the final account mentioned. After a hearing the probate court entered an order dated May 4, 1965, approving the account, discharging the Temporary Administratrix, awarding certain fees to her and her attorney and appointing her Permanent Administratrix of the estate. The appellants here, Wilma Cook Farley and Weldon Fisher, and another, perfected their appeal from that order of May 4, 1965 to the district court. Willie B. Graves Cook, as defendant in the district court and as the administratrix of the estate of W. T. Cook, filed a sworn instrument labeled "Motion for Summary Judgment and/or Dismissal." The district court sustained this motion and dismissed the appeals. An appeal from that order was taken to this court, and thereafter the Supreme Court, in equalizing the dockets of the Courts of Civil Appeals, transferred the case to the Texarkana Court of Civil Appeals. That court on April 12, 1966, held, *inter alia*, that the district court had erred in sustaining the motion for summary judgment because that motion, although sworn to, contained no evidentiary matter bearing upon the fact issues raised by the final account, and that Willie B. Graves Cook had not carried the burden of proving the absence of any genuine issue

of material fact. See Farley v. Cook, Tex. Civ.App., 402 S.W.2d 779.

On August 31, 1965, while the aforesaid appeal was pending, Willie B. Graves Cook, as administratrix of the estate of W. T. Cook, filed in the probate court her Application to Pay Claims and Transfer Funds. Included in the claims to be paid were the fee allowed Willie B. Graves Cook, as Temporary Administratrix, and the fee allowed to her attorneys by the aforesaid order of May 4, 1965, as well as certain claims which had been listed in the final account approved by the order of May 4, 1965. Weldon Fisher and Wilma Cook Farley filed their objections to that application on the ground, among others, that the previous order authorizing the payment of at least some of the same claims was then pending on appeal. The probate court entered an order on September 10, 1965 approving the Application to Pay Claims and Transfer Funds, the order containing notice of appeal by Weldon Fisher and Wilma Cook Farley. The appeal went to the same district court of Dallas County to which the former appeal had been taken. Willie B. Graves Cook, administratrix, filed in the district court a Motion for Summary Judgment and/or Dismissal, sworn to by appellee, and reciting that there was "no substantial issue as to any genuine or material fact" and that she was entitled to a summary judgment as a matter of law; also that the district court had previously entered an order sustaining a motion for summary judgment and ordering the cause remanded to the probate court, and that that order was *res judicata*. On December 22, 1965 the district court sustained the last mentioned motion for summary judgment, dismissed the appeal and remanded the cause to the probate court for such action as that court might deem appropriate. It is from that order that this present appeal is taken.

By their first point of error on appeal the appellants complain of the dismissal by the district court of their appeal without giving them the trial *de novo* to

which they were entitled under the law. An appeal from the probate court may not properly be dismissed by the district court, denying the appellants their trial *de novo*, unless it be shown that there was a procedural defect in the perfection of the appeal, or that the appeal had been abandoned. Rules 332–339, Vernon's Texas Rules of Civil Procedure, as amended; 18 Tex.Jur.2d, DECEDENTS' ESTATES, §§ 89, 90 and 91, pp. 102–104. We find here no such procedural defect or abandonment.

■ The probate court had approved appellee's Application to Pay Claims and Transfer Funds, wherein she requested authority to pay claims totaling $6,185.61, including the fee previously allowed by the probate court to her as Temporary Administratrix and the fee previously allowed to her attorneys. Appellants were entitled to a trial *de novo* to determine whether such claims should be paid, unless appellee could carry the burden imposed upon her by Rule 166–A, T.R.C.P., of showing the absence of any genuine issue as to any material fact. In determining whether that burden has been discharged the court must resolve against the movant all doubts as to the existence of such an issue. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., Tex.Sup.Ct., 1965, 391 S.W.2d 41. No such showing was made by appellee.

Appellants' first point of error must be sustained on another ground also. Appellee's first motion for summary judgment related to the final account filed by appellee in her then capacity as Temporary Administratrix. That final account contained several of the same claims listed in appellee's Application to Pay Claims and Transfer Funds. In fact, appellee's second motion for summary judgment is almost wholly based upon the doctrine of *res judicata* in that appellee asks the court therein to render summary judgment and remand the case to the probate court because that is what the district court did on the previous motion for summary judgment. In the second motion appellee alleges that both motions relate to "the same basic facts, many of the same documents, appeal from the same probate case and involving the same parties." Incidentally, it is also alleged therein that appellants had perfected their appeal from the order sustaining the first motion for summary judgment, which appeal "is presently pending." We agree with appellee that the doctrine of *res judicata* is applicable here, but the prior judgment of the district court, upon which appellee relies, was reversed by the Texarkana Court of Civil Appeals, and apparently no application for writ of error was filed in connection therewith. Therefore, the opinion of the appellate court may be said to have already decided the question before us.

Appellants' first point is therefore sustained.

■ By their second point of error appellants complain of the order sustaining the second motion for summary judgment because there were no pleadings, depositions, admissions or affidavits on file to show that appellee was entitled to a judgment as a matter of law; and their third point of error complains of the order overruling their motion to strike the affidavit filed by appellee in connection with her motion for summary judgment. In apparent recognition of her burden of showing the absence of any genuine issue as to any material fact, appellee filed in connection with her second motion for summary judgment an instrument which she calls an "Affidavit in Support of Motion for Summary Judgment." All this document purports to do is to incorporate by reference "for all purposes as if copied in full in this Affidavit all pleadings, orders, exhibits, court-reported testimony and other documents which are a part of the court record in Cause No. 61372–T, In Re: Estate of W. T. Cook, Deceased, in the Probate Court of Dallas County, Texas," and "all pleadings, orders, exhibits, court-reported

testimony and other documents which are a part of the court record in Cause No. 65–4537–B, In Re: Estate of W. T. Cook, Deceased, in the 44th Judicial District Court of Dallas County, Texas." Appellants moved to strike the affidavit because: (1) sworn or certified copies of the pleadings, orders, exhibits, etc., referred to therein were not attached or served therewith as required by Subdivision (e) of Rule 166–A, T.R.C.P.; and (2) the document was not in reality an affidavit because no facts were contained therein. This motion was overruled.

We agree with appellants that appellee failed to carry the burden which she assumed when she filed her motion for summary judgment. Her second motion is subject to the same criticism made of the first by the Texarkana Court of Civil Appeals in Farley v. Cook, supra, as follows:

"The motion for summary judgment was sworn to, but the motion contained no evidentiary matter bearing upon the fact issues raised. No depositions, affidavits or admissions were filed. In short, genuine issues of material fact that Willie M. Graves Cook had the burden of proving were left unresolved."

The so-called affidavit did not effectively prove or establish anything. It contained no facts which would have been admissible in evidence, and the attempt to incorporate as proof unsworn and uncertified copies of other papers, pleadings, etc., was wholly ineffective. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274; Boswell v. Handley, Tex.Sup.Ct., 1965, 397 S.W.2d 213, 216.

Appellants' second and third points of error are sustained.

By their fourth point of error the appellants say that the district court should have ordered the dismissal or abatement of appellee's Application to Pay Claims and Transfer Funds because the matters there concerned were matters which were

the subject of the prior pending appeal, citing Wiren v. Nesbitt, 85 Tex. 286, 20 S.W. 128, and other authorities. In view of the fact, however, that the Texarkana Court of Civil Appeals, in Farley v. Cook, supra, reversed the first judgment sustaining the first motion for summary judgment, and that appeal is therefore no longer pending, we consider this fourth point of error to be now moot.

The judgment appealed from is reversed and the case is remanded to the trial court with instructions to hear and determine the appeal from the order of the probate court *de novo* pursuant to Rule 337, T.R.C.P.

Reversed and remanded.