**In re Nita Lee Garvin RASCO, Incompetent.**

**No. 19198.**

Court of Civil Appeals of Texas, Dallas.

May 23, 1977.

G. Dennis Sullivan, Woodburn & Sullivan, Dallas, for appellant.

Robert C. McGuire, Ungerman, Hill, Ungerman, Angrist, Dolginoff, Teofan & Vickers, Dallas, for appellee.

ROBERTSON, Justice.

Lawyers Surety Corporation has appealed from a judgment entered against it as surety in the final accounting of a guardianship proceeding. Lawyers Surety claims that the probate court erred in precluding it from calling or examining witnesses. Alternatively, Lawyers Surety asserts that there is insufficient evidence to support the probate court judgment. We hold that the trial court erred in precluding the surety's participation as a party to the guardianship proceeding and, accordingly, reverse and remand with instructions to hear evidence presented by appellant regarding the accuracy of the final account.

On May 1, 1973, Thomas K. Rasco applied for appointment as guardian of the person and estate of his mother, Nita Lee Garvin Rasco. The application was granted, and Lawyers Surety was approved as surety. Subsequently, Thomas Rasco was removed as guardian of his mother's estate for various derelictions of guardianship duties and failures to comply with court orders. James J. Hartnett, appellee herein, was then appointed successor guardian and filed a final accounting on behalf of the former guardian. On October 19, 1976, the probate court held a hearing on the final account. However, at that hearing the court heard no testimony regarding the accuracy of the final account; rather it only considered the final account itself, certain stipulations by the former guardian, and arguments of counsel. The successor guardian also requested compensation for his services and stated what he considered to be a reasonable fee. Although Lawyers Surety requested the opportunity to call and examine witnesses regarding the accuracy of the account, the request was not ruled on at that time. Prior to the entry of judgment, the surety filed a motion for rehearing, which formally requested reopening the case for the purpose of allowing a complete investigation into the accuracy of the final account. This motion was overruled, and the court entered a deficiency judgment against both the former guardian and his surety, together with interest and attorney's fees.

■ Lawyers Surety asserts that the probate court erred in refusing to reopen the case for the purpose of such a hearing. In so contending, it argues that it is an "interested person" within the meaning of the Probate Code and that the probate court was obliged to hold an evidentiary hearing in which all interested parties could present evidence supporting or disputing the accuracy of the account. We hold that Lawyers Surety was an interested party and had standing to present evidence disputing the accuracy of the account.

The controlling statutory provisions are Texas Probate Code Annotated, sections 407 (Vernon Supp.1976) and 408(a) (Vernon 1956). Section 407 provides:

Upon the filing of an account for final settlement by temporary or permanent personal representatives of the estates of decedents or wards, or of the persons of wards, citation shall contain a statement that such final account has been filed, the time and place when it will be considered by the court, and a statement requiring the person or persons cited to appear and contest the same if they see proper. Such citation shall be issued by the county clerk to the persons and in the manner set out below.

Section 408(a) provides:

Action Upon Account. Upon being satisfied that citation has been duly served upon *all persons interested in the estate,* the court shall examine the account for final settlement and the vouchers accompanying the same, and, *after hearing all exceptions or objections thereto, and evidence in support of or against such account, shall audit and settle the same, and restate it if that be necessary.* [Emphasis added.]

■ As surety, appellant was an "interested person" entitled to participate under section 408(a). Any deficiency judgment entered against the former guardian is conclusive against both the guardian and the surety, whether or not the surety formally participates. *Williamson v. Bowman,* 98 S.W.2d 449, 451 (Tex.Civ.App.-Texarkana 1936, writ ref'd); *Whitfield v. Burrell,* 54 Tex.Civ.App. 567, 118 S.W. 153, 157 (1909); *Bopp v. Hansford,* 18 Tex.Civ.App. 340, 45 S.W. 744 (1898). Obviously, if a surety is to be bound by any judgment entered against the former guardian, it must be given the right to contest the accuracy of the account with proper evidence. *Cf. Satterfield v. Burke,* 514 S.W.2d 138, 140 (Tex.Civ.App.-San Antonio), *modified,* 525 S.W.2d 950 (Tex.1975) (independent executrix requested notice to all "interested" parties. Surety held to be entitled to notice). Since Lawyers Surety had the right to participate, we conclude that the probate court abused its discretion in refusing to reopen the case to allow additional evidence. While we recognize that reopening a case is within the discretion of the trial court, this discretion is to be liberally exercised in the interest of allowing full development of the case in the interest of justice. *McRoy v. Riverlake Country Club,* 426 S.W.2d 299, 305 (Tex.Civ. App.-Dallas 1968, writ ref'd n. r. e.); *Hill v. Melton,* 311 S.W.2d 496, 500 (Tex.Civ.App.-Dallas 1958, writ dism'd). In the present case, Lawyers Surety questioned the accuracy of the account, noting several conflicts in the various accountings filed with the court's records. The surety sought to interrogate the former guardian regarding those discrepancies, but the court heard no testimony regarding this issue at the hearing and refused to reopen the case to permit inquiry into this or any other issue. Lawyers Surety was thus effectively precluded from challenging the accuracy of the discrepancies for which it was later held liable. This preclusion constituted an abuse of discretion and prejudicial error.

■ The guardian asserts that the surety's failure to object to the granting of attorney's fees waived any subsequent challenge to the award. We cannot agree with this contention. Waiver can only occur when both parties are before the court and have the opportunity to invoke its aid, *Cauble v. Key,* 256 S.W. 654, 655 (Tex.Civ.App. 1923, no writ), and a party whose right to participate has not been recognized waives nothing by failing to object. Even though the court permitted objections to the

awarding of appellate attorney's fees, these objections were made while the surety's standing was unrecognized; consequently, the objections had no legal effect. The preclusion from participation fatally infects all relief granted by the court, including the award of attorney's fees, and, therefore, the cause must be remanded for a hearing on all issues.

The final problem presented by this appeal concerns the informal and summary probate court proceedings in this case. The court apparently was under the misconception that a final account should be summarily approved if no formal contest is pressed. Since the former guardian stipulated the accuracy of the account, the court apparently believed no further supporting proof was necessary. We disagree. If a contest is filed, it is encumbent upon the guardian to establish the essential facts supporting the contested items of the account by competent evidence. *In re Rosenfield,* 371 S.W.2d 95, 96 (Tex.Civ.App.-Dallas 1962, no writ); cf. *Currie v. Drake,* 550 S.W.2d 736 (Tex. Civ.App.-Dallas 1977) (probate court should hear evidence to determine amount due estate); *Farley v. Cook,* 402 S.W.2d 779, 782 (Tex.Civ.App.-Texarkana 1966, no writ) (temporary administratrix held not to have met burden of proving accuracy of final account).

Accordingly, we reverse and remand the cause with instructions to hold an evidentiary hearing regarding the accuracy of the final account and to allow appellant, Lawyers Surety Corporation, full rights of participation therein as a formal party.