**Martha Jane MAURER, Appellant,**

v.

**Marie SAYRE, Appellee.**

**No. 2–91–226–CV.**

Court of Appeals of Texas, Fort Worth.

June 30, 1992.

H. Campbell Zachry, Thomas R. Cox III, Johnson & Gibbs, Dallas, for appellant.

Jerry Cobb, Philips & Hopkins, P.C., Denton, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

WEAVER, Chief Justice.

Appellant, Martha Jane Maurer, appeals from the trial court's order which dismissed her contest of the will of the deceased, Anne Rogers Maurer–Shields ("Decedent"). Appellee, Marie Sayre, is the proponent of the will, and was appointed Independent Executrix thereunder. The issue in this case is whether appellant, as an alternate beneficiary under the terms of three insurance policies on the life of the Decedent, has standing to contest the probate of the will. We hold that she did have standing, and we reverse the order of the trial court which dismissed appellant's contest to the will.

Any person interested in an estate has standing to oppose probate proceedings. TEX.PROB.CODE ANN. § 10 (Vernon 1980). Under section 3(r) of the Code, the terms "interested persons" or "persons interested" are defined to mean heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered. The issue before us is whether appellant is a "person interested" in the Decedent's estate, as defined by the Code provisions and by the courts of this state.

The relevant facts of this case are not in dispute. The Decedent's will which was offered into probate was executed by her on May 9, 1990. She died on July 19, 1991. On February 20, 1991, some five months before her death, the Decedent signed change of beneficiary forms on three life insurance policies insuring her life. The language of the change of beneficiary forms designates the beneficiary as to each policy as follows:

Trustee named in document probated as last will and testament of insured, otherwise Jane Maurer, sister of insured.

The specific issue before us is whether the interest of appellant, as an alternate beneficiary under the three life insurance policies, is such an interest that gives her standing to contest the will. The purported will names appellee, Marie Sayre, as trustee under the will, and devises all of the estate of the Decedent to her in trust. The Decedent's three year old surviving son is the beneficiary under the trust provisions of the will. The amount of the proceeds payable under the insurance policies in question is $900,000.00.

Appellant claims that the beneficiary under the policies has not yet been determined pending this contest, and is contingent on whether a valid last will exists which names a trustee. She argues that if the will is probated, then the proceeds will in all likelihood go to this trustee, but if the will is found invalid then a trustee will not be named and appellant will receive the proceeds as the alternate beneficiary. Thus, according to appellant, she possesses a significant pecuniary interest in being heard to show why the will is invalid. Both parties agree that under Texas Probate Code sections 3(r) and 10, "any person interested in an estate" has standing to be heard in a probate proceeding. The trial court dismissed appellant's contest to the will after finding, in effect, that appellant is not a person interested in the estate because she is not an heir, devisee, spouse, creditor, or any other person having a property right in or a claim against the estate being administered.

Appellee's major contention for affirmance is that proceeds from a life insurance policy not naming the estate as the beneficiary would pass outside a decedent's estate, that the proceeds would therefore not be an asset of the estate, that appellant's contingent interest in such proceeds does not amount to a property in or claim against the estate, and that accordingly appellant is without standing.

We find no cases directly on point with the issue before us, and are not presented with any cases specifically supporting appellee's contention that appellant's interest in the Decedent's estate must be defeated since the insurance proceeds are a nonestate asset.

In *Logan v. Thomason*, 146 Tex. 37, 202 S.W.2d 212, 213–15 (Tex.1947), the propo-

nent alleged he was interested in the decedent's estate (estate of W.W. Bowers) because his deceased father (B.W. Logan, brother-in-law to Bowers) was the principal beneficiary under the proposed will of Bowers, and as an intestate heir of Logan, he, as proponent, had a pecuniary interest in Bowers' estate. However, the proponent was held to lack standing because of his lack of interest in the estate of Bowers. *Id.* at 217. The Texas Supreme Court reasoned that B.W. Logan predeceased W.W. Bowers resulting in the gift to B.W. Logan lapsing, and the proponent would take nothing under the will in the event it was admitted to probate. *Id.* at 215. The Court also reasoned that the proponent failed to show that the failure to probate the instrument would have in any manner defeated or affected any rights the proponent may have had "independent of the will." *Id.*

 The following language in *Logan* defined a person interested in an estate in broad language which appears to us to include appellant's interest in the Decedent's estate in the instant case:

> In this and other jurisdictions where will contests are limited to "persons interested in the estate of the testator," the term "person interested" has a well-defined but restricted meaning. The interest referred to must be a *pecuniary one*, held by the party either as an individual or in a representative capacity, *which will be affected by the probate or defeat of the will.* An interest resting on sentiment or sympathy, or any other basis other than gain or loss of money or its equivalent, is insufficient. Thus the burden is on every person contesting a will, and on every person offering one for probate, to allege, and, if required, to prove, that he has *some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will.*

*Id.* at 215 (emphasis added).

Applying the above rule to the instant case, if appellant is allowed to contest the will in question, defeat of the will would result in appellant receiving $900,000.00 in proceeds, which sum is a pecuniary interest. Appellant's interest would be prospective or contingent, and this interest will be impaired or materially affected by probate or defeat of the will. This interest does not appear to be based on sentiment or sympathy, but on the gain or loss of money.

As to appellee's argument pertaining to nonestate assets, the broad language in *Logan* appears to encompass all assets—including those within and outside the estate—that will be affected by the estate proceedings. We note again that the proponent in *Logan* failed to show how failure to probate the will would affect any rights he may have "independent of the will." *Logan,* 202 S.W.2d at 215. Appellant's right to claim the proceeds of the policies on defeat of the probate of the will would appear to be a right that would be affected "independent of the will."

*In re Rasco,* 552 S.W.2d 557 (Tex.Civ. App.—Dallas 1977, no writ) lends further support to appellant. There, a surety company was approved as surety for a guardian of an estate. *Id.* at 558. The surety company was held to be an interested party under the Probate Code thus having standing to present evidence disputing a final accounting of a guardianship proceeding. *Id.* at 559. That court reasoned that if a surety was to be bound by any judgment entered against the former guardian, it must be given the right to contest the accuracy of the account with proper evidence. *Id.*

We agree with appellee that the proceeds of a surety bond would be an asset of an estate depending on whether or not the guardian had mismanaged, wasted, or defrauded a ward's estate. However, it follows that a surety bond would not at all times be absolutely an asset of an estate proper if there is no mismanagement, waste, or fraud. In other words, *Rasco* presents an example of a situation where a contestant could have standing but hold no pecuniary interest in the assets of an estate proper, analogous to the instant case.

Under the facts and circumstances of this case, we hold that appellant is interested in the Decedent's estate and has standing to contest the probate proceeding in question. Appellant's sole point of error is sustained.

We reverse the trial court's order dismissing appellant's first amended petition to contest the will and remand for proceedings not inconsistent with this opinion.