Mary Ann ALLISON as Successor Independent Administratrix of the Estate of Helon Y. Allison, Appellant,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee.

No. 08–92–00267–CV.

Court of Appeals of Texas, El Paso.

July 14, 1993.

Rehearing Overruled Oct. 13, 1993.

Glen D. Aaron, II, Midland, for appellant.

Charles W. Sartain, Godwin & Carlton, Dallas, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal of a partial summary judgment wherein the Federal Deposit Insurance Corporation (FDIC), Appellee, sought, and the trial court ordered, the removal of Mary Ann Allison, Appellant, as successor independent administratrix of the Estate of Helon Y. Allison. On appeal, Appellant challenges Appellee's standing to seek her removal and asserts the trial court committed cumulative error. We reverse the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

Mary Ann Allison acted as successor independent administratrix of the Estate of Helon Y. Allison (the "Estate") from the time of her appointment in 1986, until her removal by the trial court on October 22, 1992. James N. Allison, III ("Jay") and Alyson Ann Allison ("Alyson") are Appellant's children, and are the sole living beneficiaries of the Estate. They are also judgment debtors of the FDIC, which hold a judgment against Jay, Alyson, and Cherokee Enterprise, a partnership comprising Jay and Alyson. The Last Will and Testament of Helon Y. Allison (the "Will") provided at Sections 3.01 through 3.04 that after the pecuniary legacies and specific bequests, trusts for the benefit of Jay and Alyson would be established and that such trusts would terminate on Jay's thirtieth birthday. Jay Allison turned thirty on July 16, 1992.

The record shows that at the time of her appointment as successor independent administratrix, Appellant, Jay, and Alyson agreed and believed that the only duties remaining of the administrator would be to settle certain tax issues with the U.S. government and to bequeath the residuary estate to the trusts created for Jay and Alyson under the Will. But, the original trustees appointed under the Will resigned in 1986 and the successor trustee declined to serve. Moreover, the trusts do not currently have a trustee and Appellant made no effort to have

one appointed. Furthermore, Appellant did not turn over the residuary estate to any trustee under the Will. Instead, Appellant liquidated the assets, which consisted primarily of treasury bills and bonds and deposited them in an account in the Republic of Liechtenstein apparently in an effort to keep them "safe" from Jay's and Alyson's creditors. Later the monies were brought back to the United States and virtually all used to buy annuities. This transaction was made pursuant to a written agreement between Appellant, as successor independent administratrix, Jay, and Alyson. Again, Appellant believed the annuities would be exempt from Jay's and Alyson's creditors, including the FDIC. The FDIC contends, however, that the transactions to purchase the annuities on behalf of the Estate constituted a conspiracy by Appellant, Jay, and Alyson to hinder or defraud the FDIC as a creditor of Jay and Alyson.

The FDIC originally sued Appellant on May 5, 1992. On May 26, 1992, the FDIC filed its First Amended Original Petition, Application for Temporary Restraining Order, and Application for Temporary Injunction asserting the following requests for relief:

(1) Removal of Appellant as successor independent administratrix of the Estate of Helon Y. Allison;

(2) Requesting an accounting and distribution pursuant to Section 149B of the Texas Probate Code;

(3) Requesting Appellant to give bond as required by Section 149 of the Texas Probate Code;

(4) Requesting the heirs of the Estate, James N. Allison, III and Alyson Ann Allison to give bond;

(5) Set aside and declare fraudulent certain transfers pursuant to Section 24.-001 et seq. of the Texas Business and Commerce Code; and

(6) Injunctive relief.

The trial court granted the Appellee's temporary restraining order, an extension, and finally, on May 27, 1992, enjoined Appellant

from dissipating and mismanaging the assets of the Estate.[1]

On October 14, 1992, the trial court held a hearing on motions for summary judgment filed by both Appellant and Appellee. The trial court denied Appellant's motion, while granting Appellee's motion for partial summary judgment on October 22, 1992. Appellant brings two points of error, the first attacking the FDIC's standing as an "interested person" under the Probate Code, and the second assigning numerous alleged trial errors as cumulative error.

## II. DISCUSSION

In Point of Error No. One, Appellant contends the trial court erred in finding the Federal Deposit Insurance Company had standing to bring suit. Appellee brought suit seeking Appellant's removal as successor independent administratrix of the Estate of Helon Y. Allison pursuant to Sections 148, 149, 149B, and 149C of the Texas Probate Code all of which require a person be "interested in the estate" to maintain an action. No authority in Texas has directly addressed the question of whether a judgment creditor of the sole beneficiary and devisee under a will has standing as an "interested person" to sue for removal of an independent administratrix.

Appellee relies on *Logan v. Thompson*, as the cornerstone on which it bases its status as an interested person. 202 S.W.2d 212 (Tex.1947). In *Logan*, our Supreme Court required only that a party have a monetary interest that would be affected by the probate or defeat of the will;

[T]he burden is on every person contesting a will, and on every person offering one for probate, to allege, and, if required, to prove, that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefitted, or in some manner materially affected, by the probate of the will.

202 S.W.2d at 215. In addition, the Court recognized previous Texas authority disallowing creditors of the testator the ability to contest or present a will for probate. The Court however, noted in dicta that this latter rule would *not* apply to "grantees, assignees or creditors of heirs and devisees where rights might be materially affected by failure to probate the will." *Id.* Cases after *Logan* have continued to give standing to parties not set out in Section 3(r), although in somewhat limited circumstances. In *Trevino v. Turcotte*, the Texas Supreme Court noted previous authority—relied on in *Logan*—holding assignees to be interested persons. 564 S.W.2d 682, 688 (Tex.1978), *citing Dickson v. Dickson*, 5. S.W.2d 744 (Tex.Comm'n App.1928, judgm't adopted). In addition, the Fifth Court of Appeals has held a surety for a guardian to be an interested person entitled to challenge a final accounting. *In re Rasco*, 552 S.W.2d 557 (Tex.Civ.App.—Dallas 1977, no writ). We find the above cases to be readily distinguishable from the present one on their facts and because assignees and sureties occupy special legal positions. An assignee in effect steps into the shoes of the interested party who conveyed the interest. And, *In re Rasco*, the Court found a surety an interested person because it would be bound by the judgment entered against the guardian.[2] 552 S.W.2d at 559.

---

1. The order granting injunction did not contain a date setting the case for trial. Thus, Allison appealed the injunction order. However, the FDIC requested and obtained permission from this Court to file an Amended Order Granting Temporary Injunction which the trial court granted on July 17, 1992. By letter dated November 17, 1992, this Court concluded that the issues related to the temporary injunction were moot and that issues related to the Order on Motions for Summary Judgment could be raised on appeal, and permitted the parties to submit their respective briefs.

2. We are not unmindful of *Maurer v. Sayre*, the most recent decision broadly interpreting TEX. PROB.CODE ANN. § 3(r), which held as "interested," a party designated as an alternate beneficiary on three life insurance policies, 833 S.W.2d 680–81 (Tex.App.—Fort Worth 1992, no writ). The court in *Maurer* relied heavily on *Logan* to find that an interested party is one who shows a pecuniary interest—in estate or nonestate assets—that will be materially affected by the probate or defeat of the will. *Id.* at 682. While we recognize that Section 3(r) should not be applied in a vacuum, we decline to further expand the language of the legislative enactment. *See Sheffield v. Scott*, 620 S.W.2d 691 (Tex.Civ.App.—

In 1956, some nine years after the Supreme Court's decision in *Logan*, the Texas Legislature enacted TEX.PROB.CODE ANN. § 3(r) [Act of Jan. 1, 1956, 54th Leg. p. 88, ch. 55, eff. Jan. 1, 1956]. Texas Probate Code § 3(r) defines interested persons as follows:

'Interested persons' or 'persons interested' means heirs, devisees, spouses, creditors, or others having a property right in, or claim against, the estate being administered; and anyone interested in the welfare of a minor or incompetent ward.

TEX.PROB.CODE ANN. § 3(r) (Vernon 1980). Insofar as the statutory definition of "interested person" came into being subsequent to *Logan*, we must presume that our legislature was cognizant of the principles announced in *Logan*, but nonetheless intentionally chose to disregard them. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299 (Tex.1990). Therefore, it is significant that despite the Supreme Court's language defining "interested persons" in *Logan*, our legislature specifically chose to ignore that definition and instead chose to include some creditors while failing to include others. *See Lenhard v. Butler*, 745 S.W.2d 101 (Tex.App.—Fort Worth 1988, writ denied) (express mention of one person, thing, consequence or class is tantamount to express exclusion of all others, for purposes of statutory construction). In light of the above canons of construction, and the clear language of the applicable statute, we cannot interpret TEX.PROB.CODE ANN. § 3(r) to give Appellee the requisite standing as an "interested person" to seek Appellant's removal as successor independent administratrix of the Estate of Helon Y. Allison. The record before us does not support assertions that Appellee is an "interested person" having a claim against the estate being administered, i.e., the Estate of Helon Y. Allison. Accordingly, Appellant's Point of Error No. One is sustained, and we need not consider her second point.

Having sustained Appellant's Point of Error No. One, the disposition of which renders it unnecessary to address Appellant's second

Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Estate of Hill*, 761 S.W.2d 527 (Tex.App.—Amarillo 1988, no writ) [both cases holding that acceptance of benefits, estoppel, and relinquishment of

point; the judgment of the trial court is reversed.

interest can be considered in determining whether a person or entity has an adequate interest under Section 3(r)].