**Opinion filed February 10, 2017**



## In The

# Eleventh Court of Appeals

_____

## No. 11-15-00173-CV

_____

## IN THE MATTER OF THE ESTATE OF
## MARY MARSHALL HOLLEY, DECEASED

**On Appeal from the County Court at Law**
**Brown County, Texas**
**Trial Court Cause No. 13,631**

## M E M O R A N D U M   O P I N I O N

John Robert Holley, the brother of Pamela Holley, appeals from an order in which the trial court, sitting in probate, granted Pamela's motion to dismiss his will contest of his mother's will and codicil. The trial court held that John's interest in his mother's estate had been extinguished and that, under Section 22.018 of the Texas Estates Code,[1] he was not a "person interested" in the estate because his indebtedness to her estate exceeded his share in her estate. As a result, the trial court

---

[1]TEX. EST. CODE ANN. § 22.018(1) (West 2014).

held that John lacked standing to contest his mother's will and codicil. We disagree with the trial court's holding because, as a matter of law, John, who is a devisee in his mother's will and an heir at law, is an "interested person." As we explain below, Pamela's motion is akin to a plea to the jurisdiction,[2] and where disputed facts exist on what distribution, if any, John may receive from his mother's estate, that dispute is related to the merits, not standing. Accordingly, we reverse.

## I. *Background Information*

### A. *Procedural History*

On February 14, 2013, after the death of her mother, Mary Marshall Holley, Pamela filed her mother's will and first codicil to the will and asked the probate court to admit both documents and appoint her independent executrix. A little more than a month later, John objected to Pamela's appointment and advocated for a third-party administrator. In his motion, he alleged that Pamela was unsuitable to serve because of material conflicts of interest. On April 17, 2014, the court coordinator for the trial court sent notice to John's attorneys that a hearing was set for April 25, 2014. The notice provided that the purpose of the hearing was to hear two motions: a motion to deposit estate funds into the registry of the court and a motion to occupy a residence. No notice was given that the trial court would hear John's objection to Pamela's appointment as independent executrix. In addition, because John did not file his motion to contest the will and codicil until May 6, 2014, no notice was given that the trial court would hear that motion on April 25, 2014. As part of his response to Pamela's motions to dismiss, John filed affidavits from his attorneys, which stated that they were unaware that the trial court would hear John's objection to Pamela's appointment and admit the will and codicil to probate at the April 25, 2014 hearing. At that hearing, the trial court required John to put on evidence of his objections to

---

[2] *See Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001).

2

Pamela's appointment and then indicated that it would admit the will and codicil and appoint Pamela as independent executrix.

After the April 25, 2014 hearing, John moved to contest his mother's will and codicil and claimed that the will and codicil (1) unfairly favored one child; (2) provided funds to Pamela, an already dependent child; (3) was inconsistent with his mother's wishes; (4) was signed during a period of mental confusion; and (5) was signed during a period following multiple strokes. The trial court did not hold a hearing on this motion and, a few days later, signed an order that admitted the will and codicil to probate and appointed Pamela as independent executrix.

John later filed an amended will contest that added allegations of tortious interference and fraud, breach of fiduciary duty, and defalcation committed by Pamela. In a separate motion, John also moved to remove Pamela as independent executrix. John claimed that, among other misdeeds, Pamela, as independent executrix, fraudulently signed checks for herself and received cash advances from her mother's credit card. In response, Pamela moved to dismiss John's motions and asserted that he lacked standing to contest the will and codicil and seek her removal as independent executrix.

*B. Evidence at April 20, 2015 Hearing on Pamela's Motion to Dismiss*

The trial court heard Pamela's motion to dismiss on April 20, 2015. John testified at that hearing that he had borrowed $480,000 from his mother and that he had not repaid her estate. A judgment was entered against John for the debt, plus interest, which totaled approximately $670,000. Pamela asserts that John's one-third interest under their mother's will was approximately $499,409.69 but that John's judgment debt exceeded that amount. She argues, therefore, that John is not an "interested person" under Section 22.018 of the Texas Estates Code. Pamela filed an inventory and appraisement that listed total assets and claims of the estate at $2,468,877.81. The trial court entered an order that approved that inventory and

3

appraisement on October 27, 2014. Pamela indicated in the inventory and appraisement and in her motion to dismiss that a $970,648.73 payment was made by Holley and Taylor, Inc. to Citizens National Bank to pay off a loan that was secured by real property owned by Holley and Taylor, Inc. John and his wife had mortgaged the property for a personal loan; as a result, Holley and Taylor, Inc. had claimed equitable subrogation for the payment to the bank to avoid foreclosure.[3]

John filed a response to Pamela's motions, and his lawyers averred that they were not aware of and had not received notice that John's objection to Pamela's appointment and his yet-to-be-filed motion to contest the will and codicil would be adjudicated on April 25, 2014. John also testified at the April 20, 2015 hearing on Pamela's motion to dismiss. John testified that Pamela had misappropriated funds and that her malfeasance had affected the estate; he also argued that he had provided money to his mother that was not accounted for by Pamela. John also argued that he was not required to have a property right to be an interested person under Section 22.018 of the Texas Estates Code because he was an "heir" or "devisee" of his mother's estate.

After the hearing, the trial court found that John's indebtedness to his mother's estate was greater than his potential inheritance, concluded that John was not a "person interested" in the estate, and held that John lacked standing. The trial court entered an order on April 28, 2015, granting Pamela's motion to dismiss John's will contest and his motion to remove her as independent executrix. John requested that the trial court issue findings of fact and conclusions of law, which the trial court did; John then filed this appeal.

---

[3]We note that an appeal involving the equitable subrogation claim is also before this court. On this same day, we have issued an opinion in that appeal, Cause No. 11-15-00046-CV. In that cause, we affirmed the trial court's judgment in the amount of $970,648.73 plus interest and attorneys' fees. However, the time for a discretionary appeal has not expired, and the mandate has not issued.

II. *Analysis*

John presents three issues on appeal. John first contends that the trial court erred when it held that he lacked standing to contest his mother's will and codicil. In his second issue, he claims that the trial court erred when it held that, under Section 22.018, he had to have a property right in his mother's estate to be a "person interested" in her estate. Finally, in his third issue, he challenges the factual sufficiency of the trial court's finding that his indebtedness to his mother's estate exceeded the share devised to him in her will. We will address whether John had standing to contest the will and codicil, and in light of that resolution, we need not address his third issue.

> A. <u>Issue One and Two</u>: *As a devisee under his mother's will or, if the will is invalid, as an heir at law, John has standing to contest the will and codicil.*

Pamela asserts that the trial court did not err when it held that John lacked standing to contest the will and codicil.[4] John argues that he established that he had standing. Standing is a requirement for subject-matter jurisdiction, and we review a challenge to a trial court's subject-matter jurisdiction de novo. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010) (subject-matter jurisdiction includes the issue of standing); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004) (subject-matter jurisdiction is a question of law reviewed de novo); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993) (standing is an element of subject-matter jurisdiction, which may be raised for the first time on appeal); *accord Carroll v. Carroll*, 304 S.W.3d 366, 367 (Tex. 2010); *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005)

---

[4]We note that Pamela also asserts in her brief that the trial court did not err when it dismissed John's will contest because his contest was barred by res judicata. However, because Pamela did not go forward at the hearing with proof related to her affirmative defense of res judicata and because the trial court did not make any findings or rulings with respect to res judicata, we will not address it in this opinion.

(standing may be raised at any time). The trial court granted Pamela's motion and dismissed John's motion and will contest because it held that John was not a "person interested" in the estate. As we explain below, we hold that, as a matter of law, John was an "interested person" in his mother's estate.

*1. Section 22.018 defines interested person, and John has the burden of proof to show that he has standing.*

In a probate proceeding, a party whose standing has been challenged must prove that he has an interest in the estate. *In re Estate of Forister*, 421 S.W.3d 175, 177 (Tex. App.—San Antonio 2013, pet. denied). As the Texas Supreme Court noted in *Logan v. Thomason*:

> [T]he burden is on every person contesting a will, and on every person offering one for probate, to allege, and, if required, to prove, that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will.

202 S.W.2d 212, 215 (Tex. 1947). Subsequent to the *Logan* decision, the Texas legislature statutorily defined the term "interested person." The current statutory definition of "interested person" includes any "heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered." Est. § 22.018(1). Under Section 22.018, if one is not an heir, devisee, spouse, or creditor, then one must have a property right in or a claim against the estate to be an interested person. *Id.*; *In re Estate of Forister*, 421 S.W.3d at 177. Section 22.018 defines an "interested person" in the disjunctive; it requires that the person be an "heir, devisee, spouse, [or] creditor" *or* that the person have a "property right in" or a "claim against" an estate being administered. Est. § 22.018(1); *see Aguirre v. Bosquez*, No. 04-06-00068-CV, 2006 WL 2871339, at *3 (Tex. App.—San Antonio Oct. 11, 2006, no pet.) (mem. op.); *Jones v. LaFargue*, 758 S.W.2d 320, 323 (Tex. App.—Houston [14th Dist.] 1988, writ denied). Section 22.018 does not require a person to be both

6

(1) an heir, devisee, spouse, or creditor and (2) a person with a property right in or claim against the estate. *See* EST. § 22.018(1); *see also Aguirre*, 2006 WL 2871339, at *3; *LaFargue*, 758 S.W.2d at 323.

> 2. *Several courts have interpreted Section 22.018 plainly, although a few courts, in certain cases, have adopted a broader meaning.*

Several courts have interpreted the plain language of the statute to mean that one has standing if one is an "heir, devisee, spouse, [or] creditor." *In re Estate of Bendtsen*, 230 S.W.3d 832, 834 (Tex. App.—Dallas 2007, no pet.) (holding that an executrix who did not fall within any of the statutory categories and did not "have any pecuniary interest in the estate" was not an interested person); *Aguirre*, 2006 WL 2871339, at *2 (emphasizing the disjunctive nature of the statute and holding that the appellant had standing to demand an accounting of the will because she was the decedent's spouse); *In re Estate of Davis*, 870 S.W.2d 320, 322 (Tex. App.—Eastland 1994, no writ.) ("strictly" applying the statutory definition to mean that appellant had standing to contest the will because he was both an heir at law and a named beneficiary). In addition, a couple of our sister courts have adopted a broader interpretation of "interested person" and held that certain persons had standing even though they were was not specifically enumerated in the statute. *In re Estate of York*, 951 S.W.2d 122, 126 (Tex. App.—Corpus Christi 1997, no writ) ("Moreover, interested persons properly include grantees, assignees, beneficiaries, or devisees of an heir."); *Maurer v. Sayre*, 833 S.W.2d 680, 681-82 (Tex. App.—Fort Worth 1992, no writ) (interpreting an "interested" party broadly enough to give standing to a party designated as an alternate beneficiary on three life insurance policies). *But see In re Davidson*, 485 S.W.3d 927, 931 (Tex. App.—Tyler 2016, orig. proceeding) (holding that promissory note maker who filed a DTPA counterclaim against independent executor of estate of deceased promissory note payee was not "interested person"

because counterclaim was not a pre-death liability of decedent); *Allison v. Fed. Deposit Ins. Corp.*, 861 S.W.2d 7, 9 (Tex. App.—El Paso 1993, writ dism'd by agr.) (holding that *Logan* does not include FDIC or judgment creditors of devisees).

Under Mary's will and subsequent codicil, John is a devisee because his mother bequeathed a share of her estate to him. *See* EST. §§ 22.008–.009; *see also Davis*, 870 S.W.2d at 321–22; *LaFargue*, 758 S.W.2d at 323; *Abbott v. Foy*, 662 S.W.2d 629, 631 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). John also is her son and an heir at law, and because his "ascertained pecuniary interest, real or prospective, absolute or contingent, . . . will be impaired or benefited, or in some manner materially affected" by the admission or the denial of the will to probate, he is an interested person with standing to contest the will and codicil and to seek his sister's removal as independent executrix. *Logan*, 202 S.W.2d at 215; *See* EST. §§ 22.008–.009; *see also Davis*, 870 S.W.2d at 321–22; *LaFargue*, 758 S.W.2d at 323; *Abbott*, 662 S.W.2d at 631.

> 3. *Additionally, because John presented evidence that disputed Pamela's accounting of what distribution he would receive, an issue that goes to the merits of the case, the trial court should have denied Pamela's motion to dismiss.*

Texas courts have long recognized a distinction between the issues addressed in an in-limine hearing to determine standing and the issues decided at a trial on the merits. As the court explained in *Abbott*, whether one is indeed entitled to a share of the estate depends upon the validity of the wills in question, which is a matter to be decided by trial on the merits of the will contest. 662 S.W.2d at 632. Similarly, in *Baptist Foundation of Texas v. Buchanan*, the Dallas court held that, when a contestant's standing is challenged, the in-limine hearing is limited to a determination of the contestant's justiciable interest in the litigation and that standing is distinct from the ultimate substantive issues. 291 S.W.2d 464, 469 (Tex. Civ. App.—Dallas 1956, writ ref'd n.r.e.). The Dallas court held that issues such as

the validity of an earlier will or its subsequent revocation were beyond the scope of the in-limine hearing. *Id.* at 470; *see Abbott*, 662 S.W.2d at 632 (contestant's entitlement to a share of the estate, which depended upon the validity of the wills in question, was to be decided at a trial on the merits and not at an in-limine hearing on standing).

Pamela's motion is akin to a plea to the jurisdiction. *See Brown v. Todd*, 53 S.W.3d 297, 305 n.3 (Tex. 2001). If a plea to the jurisdiction challenges jurisdictional facts, the appellate court considers relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *In re Estate of Forister*, 421 S.W.3d at 178 (citing *Miranda*, 133 S.W.3d at 227). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the factfinder must resolve the disputed fact issue. *Miranda*, 133 S.W.3d at 227–28; *see In re Estate of Redus*, 321 S.W.3d 160, 163–64 (Tex. App.—Eastland 2010, no pet.). On the other hand, if the relevant evidence is undisputed or fails to raise a fact issue on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Miranda*, 133 S.W.3d at 228. We review the trial court's ruling de novo. *Id.* at 226.

Two cases, *In re Estate of Adams* and *In re Estate of Redus*, help illustrate how disputed facts over the merits of a case may preclude a dismissal based on a lack of standing. *See In re Estate of Adams*, No. 14-12-00064-CV, 2013 WL 84925, at *4 (Tex. App.—Houston [14th Dist.] Jan. 8, 2013, no pet.) (mem. op.); *In re Estate of Redus*, 321 S.W.3d at 163–64. In *Adams*, four separate wills and a codicil were presented for admittance to probate. 2013 WL 84925, at *4. Three wills were attested, but two of those were not self-proved. *Id.* In addition, a holographic codicil and will that were signed, but not self-proved, were submitted. *Id.* The *Adams* court held that, where the person challenging the wills was an heir at law, the dispute over

9

which will, if any, to admit to probate was a factual one that precluded a dismissal based on standing. *Id.* In the second case, *In re Estate of Redus*, this court held that a person who claimed that he was a beneficiary under a will had standing, even though he had not introduced the will at the in-limine hearing, had not met the requisites to probate the will, and had not refuted revocation of the will. *In re Estate of Redus*, 321 S.W.3d at 163–64. This court also held that to require the above elements at the in-limine hearing left nothing to prove at the trial, which effectively eliminated the distinction between standing and right to recover. *Id.* at 164.

Because John is a named beneficiary of the will that is being challenged in probate and is an heir at law, he is an interested person. In addition, although John acknowledged that he owed money to the estate and had a judgment taken against him, he testified that he had paid money to the estate and that Pamela had not accounted for his payments. He also accused Pamela of mismanagement and malfeasance. In addition, the inventory indicates that the total assets and claims are nearly 2.5 million dollars. Whether John takes under the will due to his indebtedness to the estate is a disputed fact that necessarily involves the merits of the case. As in *In re Estate of Redus*, to require John to prove at the in-limine hearing that he gets a distribution obviates the need for a merits hearing. *See In re Estate of Redus*, 321 S.W.3d at 164; *see also In re Estate of Adams*, 2013 WL 84925, at \*4. We sustain the first and second issues on appeal.

B. *Issue Three: Because John has standing, we need not address his factual sufficiency challenge.*

In his final issue, John asserted that Pamela presented factually insufficient evidence to support the trial court's finding that the total amount of his indebtedness to the estate was in excess of his share of the estate. Because we sustain John's first two issues on appeal and hold that he has standing, we need not reach his final issue because the amount of his indebtedness is not material to the issue of standing.

Rather, it should be part of a merits hearing, which has not occurred. "The 'law of the case' doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). In this situation, the doctrine of the law of the case is inapplicable with respect to the amount of John's indebtedness to the estate. *Id.*

III. <em>This Court's Ruling</em>

We reverse the order of the trial court, render judgment that John has standing, and remand the cause for further proceedings consistent with this opinion.


MIKE WILLSON

JUSTICE


February 10, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.