L. V. GLOVER et al., Appellants,

v.

Millard E. LANDES, Temporary Administrator with Will Annexed of the Estate of Verne B. Glover, and as Independent Executor of the Estate of Frances Glover, Deceased, Appellee.

No. 16561.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 20, 1975.

Rehearing Denied Dec. 18, 1975.

Les Fleming, Houston, for appellants.

Kenneth L. Smith, Michael J. Kennedy, Houston, for appellee.

PEDEN, Justice.

Contestants appeal from a district court judgment admitting to probate the will of Verne B. Glover, deceased.

Glover and his wife, Frances, had in 1942 executed a joint reciprocal will by which the survivor of them was to receive all the estate owned by either or both of them. The will made no provision for disposition of the estate of the survivor.

Verne B. Glover died on June 21, 1971, and his portion of the will was admitted to probate in a Harris County probate court on November 16, 1971. Millard E. Landes was appointed temporary administrator with will annexed of the estate of Verne B. Glover, deceased. L. V. Glover and W. H. Glover, sons of Verne B. Glover by a previous marriage, petitioned the district court to set aside the order admitting their father's will to probate and now appeal from an adverse judgment in the district court. The trial judge made findings of fact and conclusions of law. While this cause was pending in the district court, Mrs. Frances Glover died. Millard E. Landes filed a suggestion of her death, and the district judge entered an order substituting for Frances Glover her independent executor.

The appellants listed forty points of error in their brief. We will respond to those which they briefed or argued. They say their fundamental issue is that the trial court erred in holding that Millard E. Landes, as independent executor of the estate of Frances Glover, represented her estate and bound all her devisees and in failing to hold that the beneficiaries named in the will of Frances Glover are indispensable parties to this suit. Appellants cite *Jennings v. Srp*, 521 S.W.2d 326 (Tex.Civ.App. 1975, no writ) in support of their position, but that case can be distinguished on the facts. In *Jennings v. Srp* the court held that in an action to contest a will under the provisions of Section 93, Texas Probate Code (Art. 5534, Vernon's Texas Civil Statutes), all persons named in the will being contested and all heirs at law of the decedent are indispensable parties. In our case the appellants are not complaining about the failure to join the devisees named in the will that is being contested; the appellants are arguing that the devisees of a now-deceased proponent are indispensable parties.

The proponent still has the burden of proof when an appeal is taken to a district court in a will contest.

Rule 151, Texas Rules of Civil Procedure, provides: "If the plaintiff dies, the heirs, or the administrator or executor of such decedent may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name . . . ."

■ The legal representative of the estate is the proper party to be substituted in revival of any action wherein the assets of the estate are to be recovered for its benefit. 1 Am.Jur.2d 135, Abatement, Survival, and Revival, § 121.

■ Executors qualified in probate proceedings in a Texas court have broad statutory authority to bring all actions necessary to collect, to preserve and protect the estate, and the heirs or devisees need not be, and ordinarily are not, joined. Absent circumstances warranting the intervention of equity, his is the prior and exclusive right to sue. 1 McDonald, Texas Civil Practice (1965) 260, Parties § 310, citing Art. 1981, Vernon's Texas Civil Statutes, and Texas Probate Code § 37. See also Probate Code § 233. In our case there is no contention that the executor has failed to act, that he has an interest adverse to any of the devisees or that he is proceeding in behalf of persons having adverse interests.

Our Supreme Court held in *Ladehoff v. Ladehoff*, 436 S.W.2d 334 (1968):

An application for probate is a proceeding in rem. Section 2(e), Texas Probate

Code (1956); *Masterson v. Harris*, 107 Tex. 73, 174 S.W. 570 (1915). In such a proceeding, the power of the probate court is limited to determining whether the proposed document is the last will of the deceased. *Huston v. Cole*, 139 Tex. 150, 162 S.W.2d 404, 406 (1942). An in rem judgment, such as the order which admitted the will in question to probate, is binding upon the whole world and specifically upon persons who have rights or interest in the subject matter, and this is so whether those persons were or were not personally served. *McCamant v. Roberts*, 66 Tex. 260, 1 S.W. 260 (1886); *Gardner v. Union Bank & Trust Co.*, 159 S.W.2d 932 (Tex.Civ.App.1942, writ ref.); 50 C.J.S. Judgments § 910c(3).

■ We hold that the devisees under the will of Mrs. Frances Glover, proponent of the contested will of Verne Glover, are not indispensable parties to the contest of Verne Glover's will. Rule 39, Texas R.C.P.

In their first point of error the appellants say "The trial court erred in making finding of fact No. 8 that 'Verne Burrows Glover did not revoke this will from the time he executed his will until the date of his death.' This will was revoked in its entirety because of the execution of another will by the wife alone, without the knowledge of her husband, prior to the death of her husband."

There are several reasons why we overrule this point. The Texas Probate Code, § 63, provides:

No will in writing, and no clause thereof or devise therein, shall be revoked, except by a subsequent will, codicil, or declaration in writing, executed with like formalities, or by the testator destroying or canceling the same, or causing it to be done in his presence.

■ Further, the only evidence that Mrs. Glover executed another will during her husband's lifetime came from her deposition testimony. In it she admitted that she had "a long time ago" had a will by which her property went to her heirs. She did not discuss it with her husband. She said she tore it up in August, 1971 and made a new will to add some more heirs. There is no other evidence to show the date, validity or contents of that will. The trial court was not obliged to believe from the evidence and did not find either that such will was valid, that it was executed later than the joint will or that it was inconsistent with the joint will. It may have only provided for the disposition of her estate in the event she survived Verne Glover. In any event it could not amount to a revocation of Verne Glover's will.

The appellants' eighth point is:

The trial court erred in finding as Conclusion of Law No. 5 that 'the joint will does not express or imply any contract between the two testators; furthermore, there are no conditions either expressed or implied restricting either testator from modifying or revoking the April 27, A.D., 1942, will.' There was an implied or inferred condition that if either party executed another will, such action would nullify the will in question, because the basic condition and the foundation of the will in question is that the survivor will receive all of the estate of the one who dies first. The execution of another will destroys this foundation and, in turn, destroys the will in question.

■ We overrule this point. Since the record does not show that Mrs. Glover executed a later, valid will inconsistent with the joint will, we do not reach the question of its effect on the joint will.

■ Appellants argue under their 27th and 39th points that the trial court erred in failing to make their 30th requested finding of fact and their 13th requested conclusion of law, each of which stated: "Frances Glover, because of her repudiation of the agreement with her husband reflected in the 1942 will, is estopped as a matter of law from receiving any of the benefits accorded to her under the said 1942 will."

Appellants argue under these points that Mrs. Glover was estopped as a matter of law to claim the benefits of the 1942 (joint) will because she prepared a new will and concealed that fact from her husband.

We find no merit in these points for the reason already given: the other will was not shown to be valid, to have been executed subsequent to the 1942 joint will or to have been inconsistent with its provisions.

Affirmed.