**In re ESTATE OF Charles E. YORK, Deceased.**

**No. 13–96–649–CV.**

Court of Appeals of Texas, Corpus Christi.

June 26, 1997.

---

John W. Vinson, Consumer Protection Division, Charitable Trusts Section, Dan Morales, Attorney General, Jorge Vega, First Asst. Attorney General, Laquita A. Hamilton,

Deputy Attorney General for Litigation, Thomas P. Perkins, Chief, Consumer Protection Division, Paul Elliott, Assistant Attorney General, Environmental Protective Division, Austin, for Appellant.

Norman D. Jones, Joe Wall, Victoria, for Appellee.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

This is an appeal by the Texas Attorney General from a judgment declaring Kristopher Paige Gostecnik to be the sole heir of Charles E. York. Before trial on the issue of heirship, the trial court struck the Attorney General's attempted intervention on behalf of a charitable trust claiming a competing interest in the estate. We reverse and remand.

Charles E. York died on October 18, 1991, testate, leaving a life estate to his mother, Myrtle G. York, and the remainder to Weldon and Kathleen Mallette. Application for probate of his will was filed in the Victoria County probate court shortly after York's death. In February 1992, the Mallettes disclaimed their interest in the estate. Accordingly, as York appeared to have no children, his mother claimed both a life estate through the will and the remainder of the estate by intestate succession. On March 17, 1995, Kristopher Paige Gostecnik brought an heirship action in the probate court claiming to be the biological son and sole heir of Charles E. York.[1] In connection with Gostecnik's heirship action, the trial court appointed an attorney ad litem to protect the interests of the unknown heirs of Charles E. York.

Myrtle York died on August 27, 1995, leaving her estate to the Albert E. and Myrtle Gunn York Trust, which was established as a charitable trust. The executor of Myrtle York's estate attempted to intervene on behalf of the estate's interest in the heirship proceeding, but was struck from that proceeding on November 22, 1995, and severed from the underlying heirship proceeding. By a separate appeal, we reversed that order and have remanded for joinder of Myrtle York's executor in the heirship proceeding.[2]

On October 16, 1996, the Texas Attorney General filed a petition in intervention in the Charles E. York heirship proceeding on behalf of the charitable trust's interest in Myrtle York's claim to her son's estate. The heirship proceeding was set for October 21, 1996. On that date, the trial court heard objections to the intervention, and entered an order striking the Attorney General's intervention and a judgment was entered declaring Gostecnik to be York's sole heir. From this order and judgment, the Attorney General brings the present appeal.

By his first four points of error, the Attorney General complains that the trial court erred in striking his petition in intervention and refusing to allow him to participate in the heirship proceeding.

### Application of Rule 63 to a Petition in Intervention

■ Both Gostecnik and the attorney ad litem for the unknown heirs filed motions to strike the Attorney General's petition in intervention. Gostecnik generally alleged in his motion to strike that because the petition was filed within seven days of trial, it was untimely under Texas Rule of Civil Procedure 63. Rule 63 provides that:

> Parties may amend their pleadings, respond to pleadings on file of other parties, file suggestions of death and make representative parties, and file such other pleas

---

1. Gostecnik petitioned the probate court for a determination of his right to inherit from York as his biological child. *See* Tex. Prob.Code Ann. § 42 (Vernon Supp.1997).

2. Victoria Bank and Trust Co., the executor of the Myrtle York estate and trustee of the charitable trust to which the estate descended, appealed from the determination that it also lacked standing to intervene in the underlying heirship proceeding. *See Estate of York,* 934 S.W.2d 848 (Tex.App.—Corpus Christi 1996, writ denied). We concluded there that the Bank, as executor of Myrtle York's estate, had the right to pursue her claims as an interested party in the Charles E. York estate, and we reversed the order striking the Bank from the heirship proceedings and remanded to allow the Bank to be joined. *Id.* at 850.

as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; *provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained,* which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

(Emphasis added). However, we do not agree that a petition in intervention is subject to the requirements of Rule 63 concerning amendments and responses to pleadings. The clause of Rule 63 which extends the seven-day rule to "any pleading" must be read in conjunction with the first clause which concerns amendments, responses and other such pleadings filed subsequent to a party's entry into the lawsuit. Accordingly, unlike an amendment or responsive pleading made by a party who is already before the trial court, a motion to intervene by a new party attempting to enter the lawsuit may generally be filed at any time before judgment is rendered. *See Citizens State Bank v. Caney Inv.,* 746 S.W.2d 477, 478 (Tex. 1988); *First Alief Bank v. White,* 682 S.W.2d 251, 252 (Tex.1984); *Comal County Rural High Sch. Dist. v. Nelson,* 158 Tex. 564, 314 S.W.2d 956, 957 (1958).

### Attorney General's Standing to Intervene on Behalf of the Charitable Trust

Gostecnik also complains that the Attorney General had no standing to intervene on behalf of the charitable trust. The Texas Attorney General filed a petition in intervention to protect the rights of the charitable trust to inherit from York's estate through his mother's estate, in opposition to Gostecnik's claim. The Texas Property Code specifically allows the Attorney General to intervene in a proceeding involving a charitable trust on behalf of the interest of the general public in such trust, under the following conditions:

For and on behalf of the interest of the general public of this state in charitable trusts, the attorney general is a proper party and may intervene in a *proceeding involving a charitable trust.* The attorney general may join and enter into a compromise, settlement agreement, contract, or judgment relating to a proceeding involving a charitable trust.

TEX. PROP.CODE ANN. § 123.002 (Vernon 1995) (emphasis added); *see also Nacol v. State,* 792 S.W.2d 810, 812 (Tex.App.—Houston [14st Dist.] 1990, writ denied). Whether a proceeding involves a charitable trust is in turn governed by the following definition:

(3) "Proceeding involving a charitable trust" means a suit or other judicial proceeding the object of which is to:

(A) terminate a charitable trust or distribute its assets to other than charitable donees;

(B) depart from the objects of the charitable trust stated in the instrument creating the trust, including a proceeding in which the doctrine of cy-pres is invoked;

(C) construe, nullify, or impair the provisions of a testamentary or other instrument creating or affecting a charitable trust;

(D) contest or set aside the probate of an alleged will under which money, property, or another thing of value is given for charitable purposes;

(E) allow a charitable trust to contest or set aside the probate of an alleged will;

(F) *determine matters relating to the probate and administration of an estate involving a charitable trust;* or

(G) obtain a declaratory judgment involving a charitable trust.

TEX. PROP.CODE ANN. § 123.001 (Vernon Supp.1997) (emphasis added). The issue of which alleged heir will inherit from the estate of Charles E. York certainly relates to the probate or administration of that estate. We must then determine whether that estate involves the present charitable trust such that the Attorney General may intervene on its behalf. We conclude that it does.

To the extent that the charitable trust steps into the shoes of Myrtle G. York, as beneficiary of her estate, it then stands in the

shoes of Myrtle G. York with regard to its claim against the Charles E. York estate. The charitable trust then becomes involved in the administration of the estate to the extent that it has a claim against that estate, and the Attorney General thereby obtains a right and duty to intervene where necessary to protect that claim. We conclude that the Texas Attorney General had standing under section 123.002 to intervene on behalf of the charitable trust in the present heirship proceedings.

## Discretion of the Trial Court to Strike Intervention

■ The attorney ad litem's motion to strike complains that the intervention would delay, unnecessarily jeopardize, and add to the legal expense of the heirship proceeding. Texas Rule of Civil Procedure 60 provides that "[a]ny party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party." Although the trial court has broad discretion in determining whether an intervention should be struck, the general rule applied to most lawsuits is that it is an abuse of discretion to strike a plea in intervention if (1) the intervenor could have brought the same action, or any part thereof, in his own name, or, if the action had been brought against him, he would be able to defeat recovery, or some part thereof, (2) the intervention will not complicate the case by an excessive multiplication of the issues, and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Guaranty Federal Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex.1990).

■ However, we question whether the general rule of *Guaranty Federal,* which allows some discretion to strike the intervention, even applies to a probate proceeding in which interested parties attempt to assert claims which will otherwise be adjudicated against them in their absence. In such case, it may be sufficient to defeat a motion to strike the intervention, merely to show a justiciable interest in the controversy as an interested party.[3]

■ Probate proceedings are actions in rem and bind all persons unless set aside in the manner provided by law. *Mooney v. Harlin,* 622 S.W.2d 83, 85 (Tex.1981); *Ladehoff v. Ladehoff,* 436 S.W.2d 334, 336–37 (Tex.1968). Accordingly, the Probate Code generally allows joinder of all persons interested in an estate under the following terms: "Any person interested in an estate may, at any time before any issue in any proceeding is decided upon by the court, file opposition thereto in writing and shall be entitled to process for witnesses and evidence, and to be heard upon such opposition, as in other suits." TEX. PROB.CODE ANN. § 10 (Vernon 1980). The Probate Code generally defines persons interested in the estate to include "heirs, devisees, spouses, creditors, or any others having a property right in, or claim against, the estate being administered." TEX. PROB.CODE ANN. § 3(r) (Vernon Supp. 1997).

■ In other words, an interested person is one who "has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefitted, or in some manner materially affected, by the probate [proceeding]." *Logan v. Thomason,* 146 Tex. 37, 202 S.W.2d 212, 215 (1947). Moreover, interested persons properly include grantees, assignees, beneficiaries, or devisees of an heir. *See Trevino v. Turcotte,* 564 S.W.2d 682, 687 (Tex.1978) (absent some inequitable purpose in the assignment, an assignee generally acquires standing as an "interested person" under section 3(r)); *Dickson v. Dickson,* 5 S.W.2d 744, 746 (Tex. Comm'n App.1928, judgm't adopted) ("person interested" includes the devisee of a devisee); *Allison v. F.D.I.C.,* 861 S.W.2d 7, 9–10 (Tex.App.—El Paso 1993, writ dism'd by agr.).

---

3. The intervenor bears the burden to show a justiciable interest in the lawsuit. *Mendez v. Brewer,* 626 S.W.2d 498, 499 (Tex.1982); *National Union Fire Ins. Co. v. Pennzoil Co.,* 866 S.W.2d 248, 250 (Tex.App.—Corpus Christi 1993, no writ). Accordingly, after a motion to strike a petition for intervention is filed, the intervenor should be given an opportunity to explain, and show proof of, its interest in the lawsuit. *Barrows v. Ezer,* 624 S.W.2d 613, 617 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ); *National Union,* 866 S.W.2d at 250.

 Nevertheless, whether tested under the rule of *Guaranty Federal* or merely under the "interested person" test of the Probate Code, we conclude that the Attorney General had a right to intervene in the present heirship proceeding and should not have been struck by the trial court. The Attorney General had a right to assert the charitable trust's claims to the Charles E. York estate which were otherwise left unprotected, and which would not have complicated the heirship proceeding aside from the obvious complications to Gostecnik of having to defend against the claims of a rival heir to the Charles E. York estate. When, as in the present case, intervention is sought by an heir, or the devisee or assignee of an heir, to protect against the claims of a rival heir, the intervening claimant's interest can only be protected if he, or someone on his behalf, is allowed into the proceeding to challenge the claims of the rival. In the present case, the only other party directly protecting the interests of the charitable trust or Myrtle York's estate was her executor, who had also been struck from the heirship proceeding. Accordingly, intervention by the Attorney General then became essential to protect the claims of the charitable trust.[4] We conclude that the trial court erred in striking the Attorney General's intervention. Accordingly, we sustain the first four points of error.

We need not address the Attorney General's fifth point of error, as it is not dispositive. *See* Tex.R.App. P. 90(a).

We REVERSE the judgment of the trial court and REMAND for proceedings consistent with this opinion.

---

4. In the prior appeal before this Court, we concluded that the Victoria Bank and Trust Co., as executor of the Myrtle York estate, was also an "interested person" with regard to the Charles York estate and had the right to intervene in the present heirship proceeding.

When a person dies, all of his estate vests immediately in his beneficiaries or heirs at law, subject to the payment of the decedent's debts; however, the executor or administrator has the right to possession of the estate, to be held in trust during the period of administration. *See* Tex. Prob.Code Ann. § 37 (Vernon Supp.1997). The executor or administrator of the decedent's estate generally has the exclusive right to bring suits for the recovery of real and personal property belonging to the estate. *Chandler v. Welborn,* 156 Tex. 312, 294 S.W.2d 801, 806 (1956); Tex. Prob.Code Ann. § 233A (Vernon Supp.1997).

Accordingly, while administration is pending, the heirs are generally not entitled to maintain a suit for the recovery of property belonging to the estate, unless it appears that the personal repre-

sentative will not or cannot act, or that his interest is antagonistic to that of the heirs desiring to sue. *Chandler,* 294 S.W.2d at 806; *see also Glover v. Landes,* 530 S.W.2d 910, 911 (Tex.Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). In *Glover,* when the proponent of a contested will died pending the original probate proceeding, the executor of the proponent's estate was substituted on the proponent's behalf, exclusive of any right of the proponent's own beneficiaries to join the original proceeding. *Id.* at 911; *see also Estate of York,* 934 S.W.2d at 850.

Since this Court has already remanded to the trial court for joinder of the Bank, it may ultimately turn out that the Attorney General has no standing to assert the rights of the trust as an heir while the executor of the Myrtle York estate remains able to represent those interests in the underlying heirship proceeding. However, the question placed before us in the present appeal is only whether the Attorney General had a right to intervene in the heirship proceeding in the absence of any other party to protect the interests of the charitable trust.