COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





IN THE MATTER OF THE ESTATE OF
SILVIA VELASCO, DECEASED.


§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00326-CV

Appeal from the

County Court at Law 

of Reeves County, Texas 

(TC#2939P) 





O P I N I O N

            This is an appeal from an estate administration proceeding instituted by Appellee Manuel
Rayos (Rayos), in Reeves County, as independent administrator of the estate of Silvia Velasco (the
estate). Appellant Oscar Velasco, Sylvia’s brother (further references herein to “Velasco” shall be
to said Appellant), challenges the dismissal of a second administration proceeding in Ector County.
For the reasons that follow, we dismiss this appeal for lack of standing.
BACKGROUND
            Silvia Velasco died intestate on February 26, 2004, from injuries she sustained in a propane
gas explosion. Following her death, two separate independent estate administrations were begun in
Reeves and Ector Counties, respectively. Appellee Rayos was appointed as independent
administrator in the Reeves County Court at Law on June 15, 2004.


 On April 4, 2005, Appellant
Velasco was appointed independent administrator in a second proceeding in the Ector County Court
at Law.
            On June 2, 2005, with both administrations still pending, Velasco conveyed his potential
interest in the decedent’s estate to ONEOK Propane Company and its affiliates.


 The conveyance
states:
I, OSCAR N. VELASCO, . . . do hereby bargain, sell, transfer, assign, convey, and
set over to ONEOK Propane Company, . . . its predecessors, successors, parent
(ONEOK, Inc.) affiliates, subsidiaries, insurers, officers, directors, employees,
agents, and representatives (individually and collectively “Defendant”), all my right,
title, and interest as an heir, devisee or beneficiary and sibling of Silvia Velasco,
Deceased, to all properties, rights, money, and all my interests in, to, under and of the
Estate of Silvia Velasco, Deceased.

 . . . 
 
The personal representative of the Estate of Silvia Velasco, deceased, is hereby
instructed to distribute my share of her estate to ONEOK Propane Company. It is my
intent and desire to and I do hereby herein transfer, assign and convey to ONEOK
Propane Company all my rights to receive any and all money or other assets which
I am or may be entitled to receive or recover from my sister’s estate. I agree to sign
and deliver any further documents reasonably requested to carry out the terms of this
agreement.
 
Signed, transferred, assigned, sold, bargained and conveyed this 2nd day of June,
2005.

            On June 20, 2005, Velasco filed a motion in the Reeves County court to disqualify Rayos as
administrator and substitute himself as estate representative. Velasco amended his motion to
disqualify and added a motion to dismiss the Reeves County administration on June 24, 2005.


 On
July 13, 2005, he filed a motion to consolidate the two proceedings in Reeves County and again
requested the court to appoint him as administrator. On July 18, 2005, Rayos requested a substitute
administrator and asked for the Ector County administration to be dismissed. Later that day, the
Reeves County court appointed Luis Carrasco as substitute independent administrator and dismissed
the Ector County administration.


 This appeal follows.
            In five points of error, Velasco challenges the jurisdiction and venue of the Reeves County
court and asserts that he was denied a jury trial on several fact issues. In their response, Rayos and
Reynolds assert that Velasco does not have standing to maintain this appeal, as he has transferred
his potential interest in the estate. For the reasons that follow, we agree that Velasco lacks standing
to maintain this appeal. We therefore do not reach his points of error.DISCUSSION
            Standing is an implicit part of subject matter jurisdiction. M.D. Anderson Cancer Ctr. v.
Novak, 52 S.W.3d 704, 708 (Tex. 2001). Whether a party has standing to sue is a question of law,
which we review de novo. Hobbs v. Van Stavern, No. 01-05-00632-CV, 2006 WL 3095439, at *2
(Tex. App.--Houston [1st Dist.] Nov. 2, 2006, no pet. h.) (citing Texas Dep’t of Transp. v. City of
Sunset Valley, 146 S.W.3d 637, 646 (Tex. 2004)). Standing focuses on who may bring an action,
Waco Indep. Sch. Dist. v. Gibson, 22 S.W.3d 849, 851 (Tex. 2000), and can be based on either
statutory or common law authority. Everett v. TK-Taito, L.L.C., 178 S.W.3d 844, 850 (Tex. App.--Fort Worth 2005, no pet.).
            As a component of subject matter jurisdiction, standing cannot be waived and may be raised
for the first time on appeal by the parties or the court. West Orange-Cove Consol. Indep. Sch. Dist.
v. Alanis, 107 S.W.3d 558, 587 (Tex. 2003). In our review, we take the factual allegations in the
petition as true and construe them in favor of the pleader. Juarez v. Texas Ass’n of Sporting
Officials, El Paso Chapter, 172 S.W.3d 274, 278 (Tex. App.--El Paso 2005, no pet.) (citing Texas
Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993)). In addition to the
pleadings, we may also consider relevant evidence to resolve the jurisdictional issues raised. Hobbs,
2006 WL 3095439, at *2 (citing Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000)).Under the Probate Code, only a party “interested in an estate” may bring an action to
challenge a proceeding. Tex. Prob. Code Ann. § 10 (Vernon 2003). In the context of estate
administration, one must be an “interested person” to challenge an order granting letters of
administration or to petition for the removal of a previously-appointed administrator. Tex. Prob.
Code Ann. §§ 179, 222 (Vernon 2003). Section 3(r) of the Probate Code defines “interested
persons” as follows:
“Interested persons” or “persons interested” means heirs, devisees, spouses, creditors,
or any others having a property right in, or claim against the estate being
administered; and anyone interested in the welfare of a minor or incompetent ward.

            In Logan v. Thomason, 146 Tex. 37, 202 S.W.2d 212, 215 (1947), the Supreme Court
elaborated on the type of “interest” which one must demonstrate in order to have standing to
challenge a probate proceeding:
[T]he term “person interested” has a well-defined but restricted meaning. The
interest referred to must be a pecuniary one, held by the party either as an individual
or in a representative capacity, which will be affected by the probate or defeat of the
will. An interest resting on sentiment or sympathy, or any other basis other than gain
or loss of money or its equivalent, is insufficient. Thus the burden is on every person
contesting a will, and on every person offering one for probate, to allege, and, if
required, to prove, that he has some legally ascertained pecuniary interest, real or
prospective, absolute or contingent, which will be impaired or benefited [sic], or in
some manner materially affected, by the probate of the will.

Accord, In re Estate of York, 951 S.W.2d 122, 126 (Tex. App.--Corpus Christi 1997, no pet.).



            In his motions to the Reeves County court, Velasco asserted an interest in the estate by virtue
of the fact that he is the decedent’s brother. However, as we outlined above, the record contains a
conveyance whereby Velasco transferred any interest he may have had in his sister’s estate to
ONEOK. Even if we read the assertions contained in the various motions as true, this conveyance
left Velasco with no pecuniary interest in the estate. Therefore, Velasco has no interest that will be
affected by the outcome of the administration. Since he does not qualify as an “interested person,”
he has no standing to challenge the administration. Tex. Prob. Code Ann. §§ 3(r), 222 (Vernon
2003); A & W Indus., Inc. v. Day, 977 S.W.2d 738, 741 (Tex. App.--Fort Worth 1998, no pet.).
            In response to Rayos’s and Reynolds’ standing argument, Velasco argues that he is not
required to have a pecuniary interest in the estate under the provisions of sec. 145 of the Probate
Code.


 He states that “Under Section 145, Texas Probate Code, [Velasco] was requested by the
family of decedent to act as Independent Administrator and was appointed by the Ector Court to
serve in such capacity.” Velasco cites no case law to support an exception to the statutory
requirement that to have standing in the context of an estate administration, one must have a
pecuniary interest in the estate. See Day, 977 S.W.2d at 742. We have not been able to find any
case law to support his position, and we see nothing in the provisions of sec. 145 to support an
exception to the “interested person” requirement in the Probate Code. Having determined that
Velasco lacks standing to contest this administration, we need not address his other points of error. 
For the reasons stated above, we dismiss this appeal.
 
                                                                        KENNETH R. CARR, Justice

February 1, 2007

Before Chew, C.J., McClure, and Carr, JJ.