

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00049-CV

_____

IN THE ESTATE OF TERRANCE STEPHEN DANIELS, DECEASED

On Appeal from the County Court
Morris County, Texas
Trial Court No. 5531

Before Morriss, C.J., Burgess and Stevens, JJ.
Opinion by Justice Burgess

# OPINION

After Terrance Daniels' death, his widow, LaStarza Luckey Daniels, and a group of his other heirs filed competing applications for independent administration of his estate. After the homestead property was set aside and the temporary administrator conveyed the interests in the property to LaStarza and the heirs, LaStarza moved to dismiss the heirs and their pleadings for lack of standing. The trial court granted the motion.

On appeal, the heirs contend that the trial court erred in granting LaStarza's motion to dismiss because they have standing as interested persons. We reverse the trial court's order and remand the case for further proceedings because the heirs are interested persons with standing.

## I.    Factual and Procedural Background

Terrance Daniels died intestate and without children. In the County Court of Morris County, Texas, LaStarza filed an application to determine heirship and an application for independent administration of Terrance's estate in which she sought to be appointed as administrator. Terrance's mother, Jeannette Daniels, brother, Wesley D. Daniels, and sister, Anita Rhodes, (the Heirs) filed a competing application for independent administration in which they opposed LaStarza's appointment as administrator and sought to have either Jeannette appointed as administrator or Jeannette, Wesley, and Anita appointed as co-administrators. The competing applications were assigned to a statutory probate judge,[1] the Honorable Oswin Chrisman, while the heirship application was heard by the county court.

---

[1] TEX. EST. CODE ANN. § 32.003(a)(1) (West 2014).

The county court held that Terrance was survived by his spouse, LaStarza, his mother, Jeannette, his brother, Wesley, his sister, Anita, his two half-brothers, Derrick Brown and Dwayne Daniels, and one half-sister, Shana Brown.[2] The property in Terrance's estate consisted of various community property, separate personal property, and separate real property. The court held that, under the laws of descent and distribution, LaStarza was entitled to all of the community property, all of the separate personal property, and one-half of the separate real property, which consisted of a house and lot in Naples, Morris County, Texas, which was the couple's residence and homestead. The remaining one-half interest in the separate real property was to be distributed to the remaining heirs as follows: one-fourth to Jeannette, one-fourteenth each to Wesley and Anita, and one-twenty-eighth each to Dwayne, Derrick, and Shana.[3]

Judge Chrisman set the contested applications for jury trial and appointed LaStarza as temporary administrator until the contested issues were resolved. LaStarza filed an application to set aside the separate real property, the homestead, as property exempt from the estate administration. After an estate inventory, appraisement, and a list of claims were filed and approved, the trial court, over the Heirs' objection, granted LaStarza's application to set aside the homestead for LaStarza's lifetime use. As per the court's order, LaStarza, as temporary administrator, conveyed legal title to the homestead to herself, in her personal capacity, and all of Terrance's heirs in the shares previously determined by the county court.

---

[2]Neither Derrick, nor Dwayne, nor Shana contested LaStarza's applications, and they are not parties to this appeal.

[3]The county court's order declaring heirship is not challenged on appeal.

About a month prior to trial, LaStarza moved to dismiss "all pleadings, claims and oppositions" of the Heirs because they lacked standing. In the motion, LaStarza argued that, because the homestead property had been removed from the estate administration and the Heirs had already received the only estate property to which they were entitled, they were no longer heirs with a "property right in or claim against an estate being administered." The Heirs filed a response opposing the motion. After a hearing, the trial court granted the motion, dismissed the Heirs' pleadings, and named LaStarza as administrator. The Heirs appeal.

## II.    Issue Presented—Do the Heirs Have Standing?

In their sole point of error on appeal, the Heirs contend that the trial court erred in granting LaStarza's motion to dismiss because, as Terrance's heirs, they are "interested persons" under the Texas Estates Code and therefore have standing.

### A.    Standard of Review

This Court considers "the trial court's order on a motion to dismiss for lack of standing in the same manner as a plea to the jurisdiction." *Estate of Lee*, 551 S.W.3d 802, 807 (Tex. App.—Texarkana 2018, no pet.). "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact[-]finder." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004). But if no fact issue exists, the trial court decides the plea as a matter of law. *Id.* at 228.

We review a trial court's determination of standing de novo.[4] *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010) (subject-matter jurisdiction includes the issue of standing).

**B.      Analysis**

**1.      Applicable Law**

Standing "focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005).  A party whose standing has been challenged must prove that he has an interest in the estate.  *In re Estate of Forister*, 421 S.W.3d 175, 177 (Tex. App.—San Antonio 2013, pet. denied).  As the Texas Supreme Court noted in *Logan v. Thomason*:

> [T]he burden is on every person contesting a will, and on every person offering one for probate, to allege, and, if required, to prove, that he has some legally ascertained pecuniary interest, real or prospective, absolute or contingent, which will be impaired or benefited, or in some manner materially affected, by the probate of the will.

*Logan v. Thomason*, 202 S.W.2d 212, 215 (Tex. 1947).[5]  A litigant must maintain standing throughout the proceedings.  *Wassmer v. Hopper*, 463 S.W.3d 513, 523 (Tex. App.—El Paso 2014, no pet.).

Under the Texas Estates Code, only an "interested person" has standing to apply for letters of administration or challenge an application for letters of administration.  TEX. EST. CODE ANN. § 301.051(2)(B) (West Supp. 2018), § 301.101 (West 2014).  An interested person is defined as

---

[4]Because standing is implicit in subject-matter jurisdiction, it cannot be waived, may be raised at any time, and may be raised for the first time on appeal.  *Lovato*, 171 S.W.3d at 848; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993).

[5]We note that *Logan* was decided before the Texas Legislature defined "interested person" by statute.  *In re Estate of Chapman*, No. 06-17-00051-CV, 2017 WL 5180405 (Tex. App.—Texarkana Nov. 9, 2017, no pet.) (mem. op.).

"an heir, devisee, spouse, creditor, or any other having a property right in or claim against an estate being administered."[6] TEX. EST. CODE ANN. § 22.018(1) (West 2014). The Texas Estates Code defines an heir as "a person who is entitled under the statutes of descent and distribution to a part of the estate of a decedent who dies intestate." TEX. EST. CODE ANN. § 22.015 (West 2014). An estate consists of the decedent's property, as that property exists originally, as it is augmented by accretions and additions, and as it is diminished by decreases or distributions from the property. TEX. EST. CODE ANN. § 22.012 (West 2014).

### 2. Discussion

Here, the Heirs maintain that they have standing because they are, and the county court found them to be, Terrance's heirs, entitled to portions of his estate. It is undisputed that, at the time the Heirs filed their applications and objections in this case, they were heirs under Section 22.015 and interested persons under Section 22.018(1). However, LaStarza argued that,

---

[6]Several courts have interpreted the plain language of the statute to mean that one has standing if one is an "heir[], devisee[], spouse[], [or] creditor[]." *In re Estate of Bendtsen*, 230 S.W.3d 832, 834 (Tex. App.—Dallas 2007, no pet.) (quoting former TEX. PROB. CODE ANN. § 3) (holding that an executrix who did not fall within any of the statutory categories and did not "have any pecuniary interest in the estate" was not an interested person); *Aguirre v. Bosquez*, No. 04-06-00068-CV, 2006 WL 2871339, at *2 (Tex. App.—San Antonio Oct. 11, 2006, no pet.) (mem. op.) (emphasizing the disjunctive nature of the statute and holding that the appellant had standing to demand an accounting of the will because she was the decedent's spouse); *In re Estate of Davis*, 870 S.W.2d 320, 322 (Tex. App.—Eastland 1994, no writ) ("strictly" applying the statutory definition to mean that appellant had standing to contest the will because he was both an heir at law and a named beneficiary). In addition, two of our sister courts have adopted a broader interpretation of "interested person" and held that certain persons had standing even though they were not specifically enumerated in the statute. *In re Estate of York*, 951 S.W.2d 122, 126 (Tex. App.—Corpus Christi 1997, no writ) ("Moreover, interested persons properly include grantees, assignees, beneficiaries, or devisees of an heir."); *Maurer v. Sayre*, 833 S.W.2d 680, 681–82 (Tex. App.—Fort Worth 1992, no writ) (interpreting an "interested" party broadly enough to give standing to a party designated as an alternate beneficiary on three life insurance policies). *But see In re Davidson*, 485 S.W.3d 927, 931 (Tex. App.—Tyler 2016, orig. proceeding) (holding that promissory note maker who filed a Deceptive Trade Practices Act counterclaim against independent executor of estate of deceased promissory note payee was not "interested person" because counterclaim was not a pre-death liability of decedent); *Allison v. Fed. Deposit Ins. Corp.*, 861 S.W.2d 7, 9 (Tex. App.—El Paso 1993, writ dism'd by agr.) (holding that the rule cited by the Texas Supreme Court in *Logan* does not apply to the Federal Deposit Insurance Company or to judgment creditors of devisees).

6

once the homestead property was set aside and the temporary administrator conveyed them their respective shares of the property,[7] (1) the Heirs were no longer interested persons because they no longer had a pecuniary interest in the case—that is, "a property right in or claim against an estate being administered," TEX. EST. CODE ANN. § 22.018(1), and (2) the Heirs no longer satisfied the statutory definition of "heir" because they were no longer entitled to a part of the estate. TEX. EST. CODE ANN. § 22.015. The trial court agreed with LaStarza and granted the motion to dismiss, finding in part that the Heirs no longer had a "contestable issue in the case."

We first address whether the Heirs can be interested persons without a pecuniary interest in the estate. Because Section 22.018 defines "interested person" in the disjunctive, one is an interested person if they are an "heir, devisee, spouse, [or] creditor" or one who has a "property right in" or a "claim against" the estate being administered. *Matter of Estate of Holley*, No. 11-15-00173-CV, 2017 WL 549009, at *3 (Tex. App.—Eastland Feb. 10, 2017, pet. denied) (mem. op.) (quoting TEX. EST. CODE ANN. § 22.018(1)); *see also Aguirre*, 2006 WL 2871339, at *3 (surviving spouse without a pecuniary interest in the estate had standing to demand accounting). Accordingly, if one is not an heir, devisee, spouse, or creditor, then one must have a property right in or a claim against the estate to be an interested person. *Holley*, 2017 WL 549009, at *3; *In re Estate of Forister*, 421 S.W.3d 175, 177 (Tex. App.—San Antonio 2013, pet. denied). However, an interested person does not have to be both "(1) an heir, devisee, spouse, or creditor and (2) a person with a property right in or claim against the estate." *Holley*, 2017 WL 549009, at *3.

---

[7]The property was set aside "for the use and benefit of the Decedent's surviving spouse" under Section 353.051(b)(1) of the Texas Estates Code.

Therefore, as long as the Heirs meet the statutory definition of "heir" under Section 22.015, they are "interested persons" under Section 12.018(1), even if they do not have a pecuniary interest in the estate. *See id.*; *Aguirre*, 2006 WL 2871339, at *3.

The next issue is whether the Heirs lost their status as heirs under Section 22.15—their basis for being interested persons under Section 22.018(1)—once the homestead property was set aside and the temporary administrator conveyed them their shares of the property. An heir is a person who is statutorily entitled to a part of an intestate decedent's estate. TEX. EST. CODE ANN. § 22.015. Here, in an unchallenged order, the county court held that, under the laws of descent and distribution, the Heirs were entitled to parts of Terrance's estate. LaStarza, as the temporary administrator, conveyed various interests in the property to the Heirs precisely because they were, and remain, entitled to those parts of Terrance's estate. In support of the trial court's ruling that the Heirs lost their standing when they received the estate property to which they were entitled, LaStarza cites several cases arguing that, since a creditor's status can be extinguished, so too can an heir's status. *See In re McDonald*, 424 S.W.3d 774 (Tex. App.—Beaumont 2014, orig. proceeding) (per curiam) (deposit into the registry of funds owed to another party did not extinguish the other party's status as creditor because the debt was unpaid and could still be disputed).

In *Chapman*, when the administrator for the Estate of Timothy Chapman failed to make payments on a lien note secured by a first lien deed of trust on certain Lamar County real estate, People's Bank conducted a nonjudicial foreclosure sale of the secured real estate. *Chapman*, 2017 WL 5180405, at *1. The Bank sued the administrator in district court, obtaining a default judgment

8

against Chapman's estate for the deficiency remaining on the note after the foreclosure sale. *Id.* at *1–2. The Bank then filed an unsecured claim in probate court for the deficiency. The probate court held that the estate was liable for the deficiency. *Id.* at *2. We reversed the trial court, finding that the Bank lacked standing to pursue the deficiency because, by foreclosing on the property, rather than electing to have its claim against the real estate treated as a matured secured claim, it had affirmatively forfeited any possibility of collecting a deficiency from the estate. *Id.* at *3. However, *Chapman* is inapplicable to this case because, at the time the Bank sued the administrator in probate court for the deficiency, it was not an interested person as a creditor because it was owed no debt. *Id.* at *3–4.

A similar outcome occurred in *Wright v. Marsh*, Nos. 12-10-00367-CV & 12-10-00414-CV, 2012 WL 1623430 (Tex. App.—Tyler May 9, 2012, pet. denied) (mem. op.). In the district court, Wright sued Marsh in her personal capacity and as executrix of her husband's estate for malicious prosecution. *Id.* at *1. Two months later, the probate court closed Marsh's estate, but Wright subsequently filed notice of his claim in the probate court and a motion to vacate the closing order and reopen the estate. *Id.* The probate court denied Wright's motion, holding that Wright lacked standing because, prior to the hearing on the motion, the district court had rendered a take-nothing judgment against Wright in his malicious prosecution case. *Id.* The court of appeals affirmed, finding that Wright was not an interested person as a creditor because his claims, much like the Bank's deficiency claims in *Chapman*, were found to be invalid. *Id.* at *9.

The facts of these cases are distinguishable because they involve the rights of creditors rather than heirs. Furthermore, the creditors in these cases did not "lose" their standing; they were

9

found to lack standing because the claims or debts for which they sought payment were found to be invalid. *See Chapman*, 2017 WL 5180405, at \*3–4; *Wright*, 2012 WL 1623430, at \*9. While creditors are defined by the debt owed to them, heirs are statutorily defined by an intestate relational right to receive part of a decedent's property.

There are cases in which an heir initially had, but subsequently lost, standing to participate, but those cases are distinguishable from the facts in this case. In the case of *In re Estate of Velasco*, two separate independent estate administrations were begun after Silvia Velasco died, with Manuel Rayos being appointed independent administrator of her estate in Reeves County and Oscar Velasco being appointed independent administrator of her estate in Ector County. *In re Estate of Velasco*, 214 S.W.3d 213, 214–15 (Tex. App.—El Paso 2007, no pet.). The Reeves County court dismissed the Ector County administration, and Oscar appealed. *Id.* at 215. However, the court of appeals held that Oscar lacked standing to pursue the appeal because, while both administrations were still pending, Oscar had conveyed all of his "right, title, and interest as an heir, devisee or beneficiary and sibling of Silvia Velasco" to ONEOK Propane Company. *Id.*

Similarly, in *Wassmer v. Hopper*, a decedent's stepchildren initially had standing when they filed a declaratory judgment action seeking to force their former stepmother to purchase the property interests they received in the homestead property. *Wassmer v. Hopper*, 463 S.W.3d 513, 524 (Tex. App.—El Paso 2014, no pet.). However, they lost their standing later in the proceedings when they conveyed their interests in the property that was the subject of the lawsuit to a non-party company. *Id.*

10

By contrast, the Heirs in this case did not convey away their rights as heirs, as the Velasco heirs did, but instead exercised their rights as heirs by receiving the estate property to which they were entitled. *See Velasco*, 214 S.W.3d at 214–15. Likewise, the stepchildren in *Wassmer* lost their standing when they no longer owned the property that was the subject of their claims, but the Heirs' applications and objections in this case only seek to have them named administrators and are wholly unrelated to the property they received from the estate. *See Wassmer*, 463 S.W.3d at 524. Neither party has cited to any authority holding that an heir loses his status as an heir once he receives the estate property to which he is entitled, and we are aware of none.

It is undisputed that the Heirs satisfied the statutory definition of heir at the time the temporary administrator conveyed them property interests from the estate. Just as accepting benefits under a will does not bar the devisee from pursuing other estate-related rights he has as a devisee, the Heirs' acceptance of property interests from the estate does not bar them from exercising their other rights as heirs, such as seeking to be named administrators and objecting to LaStarza's application for the same. *See In re Meeker*, 497 S.W.3d 551, 553–55 (Tex. App.—Fort Worth 2016, orig. proceeding) (son who accepted benefits under will could still seek pre-suit discovery). Therefore, the Heirs have standing to pursue their application, objections, and other motions.

11

**III. Conclusion**

For the foregoing reasons, we find that the Heirs had standing to pursue their application, objections, and other motions, notwithstanding their acceptance of estate property. Accordingly, we reverse the trial court's order and remand the case for further proceedings.


Ralph K. Burgess
Justice


Date Submitted:     January 23, 2019
Date Decided:       April 11, 2019