

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00434-CV

RONALD WINEGARDNER, APPELLANT

V.

MISTY HUGHES, APPELLEE

No. 07-19-00283-CV

IN THE ESTATE OF KRISTIN EILEEN VINER AKA KRISTIN E.
VINER FKA KRISTIN E. WINKELMAN, DECEASED

On Appeal from the County Court at Law
Moore County, Texas
Trial Court Nos. 4739 and 4298-A, Honorable Curt Brancheau, Presiding

April 23, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Central to these two appeals is a question of informal or common law marriage.[1] Appellant in both cases is Ronald Winegardner, appearing pro se in the trial court and on appeal. Appellee in both cases is Misty Hughes, appearing in her representative capacity as independent executor of the estate of her mother, Kristen Eileen Viner. Case number 07-18-00434-CV is the appeal of an order of possession rendered in favor of Hughes in a forcible detainer action. Case number 07-19-00283-CV is the appeal of an order dismissing for lack of standing Winegardner's contest of Viner's will. We overrule Winegardner's issues and affirm both orders of the trial court.

Background

On July 28, 2018, Viner died testate. Her will was admitted to probate in Moore County on Hughes's application and Hughes was appointed independent executor of her mother's probate estate. At the time of Viner's death, she and Winegardner occupied Viner's mobile home in Sunray, Texas. Viner's will made no dispositive provision for Winegardner.

Following admission of Viner's will to probate, Winegardner filed a document in the proceeding entitled "Declaration of the Surviving Common law Spouse of Kristin E. Viner, Ronald Winegardner, Contesting the Will and Requesting a Hearing."[2] The pleading consisted chiefly of Winegardner's narrative of his relationship with Viner and alleged the

---

[1] Aside from terminology, the requirements for a common law marriage and a statutory informal marriage are the same. *Van Hooff v. Anderson,* No. 07-14-00080-CV, 2016 Tex. App. LEXIS 466, at *8 (Tex. App.—Amarillo Jan. 14, 2016, no pet.) (mem. op.).

[2] The ground for contesting Viner's will is not clearly shown by the record, although Winegardner testified at the hearing of Hughes's motion to dismiss, "because the will was not updated, the will is obsolete and should be disregarded." Based on this statement and another in his appellate brief, Winegardner seems to contend that Viner's will should be set aside because it was made during her previous marriage.

terms of an oral agreement from 2008. Winegardner claimed Viner agreed that if he "would promise to stay with [Viner] so she would not let [her former husband] move back in, [Winegardner] could live there forever." The document contained no express allegation of jurisdictional facts, although it did include Winegardner's representation that he sent correspondence to various parties including the county clerk, county judge, and Hughes's attorney under the subject line, "I am a surviving common law spouse with a life estate." Hughes responded to Winegardner's contest with a motion to dismiss alleging Viner and Winegardner were not married and Winegardner was not a person interested in Viner's estate. The parties and trial court appear to have treated the motion as a plea to the jurisdiction based on Winegardner's alleged lack of standing to contest Viner's will.

Meanwhile, in an effort to evict Winegardner from the mobile home he and Viner occupied, Hughes filed a forcible detainer action in the justice court. On November 7, 2018, a judgment was signed by that court granting Hughes possession of the mobile home. Winegardner appealed the ruling to the county court at law. After a recusal by the original judge, the case was assigned to the Honorable Curt W. Brancheau, judge of the 84th Judicial District. Trial de novo to the bench was conducted on December 7 with an order of possession rendered in favor of Hughes.[3]

---

[3] In a forcible detainer action, a justice court, and county court on trial de novo, lack jurisdiction to adjudicate title to land. *See, e.g., Effel v. Rosberg,* 360 S.W.3d 626, 629 (Tex. App.—Dallas 2012, no pet.). In his notice appealing the justice court's order of possession to county court at law, Winegardner alleged Viner gave him a life estate in her residence and he was her common law spouse. Evidence supporting these claims, however, was not offered at the trial de novo of the justice court's order of possession. There is, therefore, no record basis for questioning the jurisdiction of the justice court and county court at law in the forcible detainer proceeding. *See id.* (finding because no evidence supported occupant-of-realty's pleaded claim of a life estate, title to the land was not in issue in eviction suit and justice court and county court did not lack jurisdiction).

The contested probate case was also eventually assigned to Judge Brancheau. The hearing of Hughes's motion to dismiss was set for December 7, 2018. Winegardner filed a motion for continuance and to transfer the case to an unspecified county in the 84th Judicial District; those motions were denied. Hughes's motion to dismiss was decided after an evidentiary hearing conducted apart from the trial de novo of the forcible detainer suit. Following the close of evidence, Judge Brancheau found that Winegardner and Viner were not married and Winegardner, therefore, lacked standing to contest the will. The case was accordingly dismissed.

Winegardner now appeals the orders granting Hughes's right of possession and dismissing the will contest.[4]

Analysis

We turn first to Hughes's argument that Winegardner waived all claims of error on appeal because of inartful briefing. We are to liberally construe the briefing rules and find Winegardner's brief sufficient to acquaint us with his issues. TEX. R. APP. P. 38.9. To the degree we are able, we will address each of Winegardner's issues. To the extent Hughes requests dismissal of Winegardner's appeals due to inartful briefing, it is denied.

First Issue

Winegardner argues the trial court erred in dismissing his case for lack of standing because he was Viner's common law spouse and as such possessed a survivor's

---

[4] An order dismissing a will contest on the ground that the contestant is not a person interested in the estate and therefore lacks standing is generally considered an appealable order. *See In re Estate of Chapman,* 315 S.W.3d 162, 164 (Tex. App.—Beaumont 2010, no pet.) (citing *Womble v. Atkins,* 160 Tex. 363, 331 S.W.2d 294, 298 (1960)).

homestead right to occupy Viner's mobile home for the remainder of his life.[5]  A party is interested in a decedent's estate if he is an heir, devisee, spouse, creditor, or any other person with a property right in, or claim against, the estate.  TEX. EST. CODE ANN. § 22.018(1) (West 2014).  In a probate proceeding a party whose standing is challenged must prove he has an interest in the estate.  *In re Estate of Daniels,* 575 S.W.3d 841, 844 (Tex. App.—Texarkana 2019, pet. denied) (citing *In re Estate of Forister,* 421 S.W.3d 175, 177 (Tex. App.—San Antonio 2013, pet. denied)).

A trial court's order dismissing a case for lack of standing is considered on appeal in the same manner as a plea to the jurisdiction.  *In re Estate of Daniels,* 575 S.W.3d at 844.  A plea to the jurisdiction may be used to challenge whether the plaintiff met its pleading burden of alleging sufficient jurisdictional facts or it may challenge the existence of jurisdictional facts.  *Univ. of Tex. Health Sci. Ctr. v. Owens,* No. 01-18-00464-CV, 2019 Tex. App. LEXIS 7965, at *8 (Tex. App.—Houston [1st Dist.] Aug. 29, 2019, pet. filed) (mem. op.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226-27 (Tex. 2004)).

When a defendant's jurisdictional plea challenges the existence of jurisdictional facts with supporting evidence, and the jurisdictional inquiry is, as here, intertwined with or implicates the merits, the standard of review mirrors that of a traditional summary judgment.  *Alamo Heights Indep. Sch. Dist. v. Clark,* 544 S.W.3d 755, 771 (Tex. 2018);

---

[5] Under the provision of article XVI, section 52 of the Texas Constitution, a surviving spouse "may occupy the homestead during the spouse's lifetime without it being partitioned to the heirs of the deceased spouse until the survivor's death." *Garner v. Long,* 49 S.W.3d 920, 922 (Tex. App.—Fort Worth 2001, pet. denied) (citations omitted).  "Even if the property was the deceased spouse's separate property, the surviving spouse may continue to use and occupy the property as long as he does not abandon the homestead." *Majeski v. Estate of Majeski,* 163 S.W.3d 102, 107 (Tex. App.—Austin 2005, no pet.) (citations omitted).

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012).  In other words, the movant initially possesses the burden to meet its standard of proof.  *Tarrant County v. Green,* No. 02-19-00159-CV, 2019 Tex. App. LEXIS 9376, at *5 (Tex. App.—Fort Worth Oct. 24, 2019, no pet.) (mem. op.) (citing *Miranda,* 133 S.W.3d at 228).  If that burden is met, in order to avoid dismissal, Winegardner must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction.  *Alamo Heights Indep. Sch. Dist.,* 544 S.W.3d at 771.

In assessing the evidence at this stage of the standing challenge, we take as true all evidence favorable to Winegardner as the non-movant and indulge every reasonable inference and resolve any doubts in his favor.  *See City of Canadian v. Klein,* No. 07-15-00452-CV, 2017 Tex. App. LEXIS 4632, at *3 (Tex. App.—Amarillo May 22, 2017, pet. denied) (mem. op.) (citing *City of El Paso v. Heinrich,* 284 S.W.3d 366, 378 (Tex. 2009)).  The jurisdictional challenge will be upheld if the movant presents undisputed evidence that negates the existence of the court's jurisdiction.  *Heckman v. Williamson County,* 369 S.W.3d 137, 150 (Tex. 2012).

When the evidence is undisputed or does not raise a fact question, the appellate court reviews the trial court's ruling on the jurisdictional challenge de novo.  *Am. K-9 Detection Servs., LLC v. Freeman,* 556 S.W.3d 246, 267 (Tex. 2018) (citing *Miranda,* 133 S.W.3d at 228).  If the evidence reveals a fact question that affects jurisdiction and goes to the merits of the claim, the appellate court cannot uphold the dismissal; the fact dispute must be resolved by the finder of fact.  *Id.*

Winegardner's standing to contest the will depends on his alleged status as Viner's spouse at the time of her death. Viner's will never mentions Winegardner. Winegardner admits that he and Viner were never ceremonially married, nor did they join in a statutory declaration of informal marriage. *See* TEX. FAM. CODE ANN. § 2.401(a)(1) (West 2006) (statutory declaration of marriage one means of proving informal marriage); § 2.402(b) (contents of statutory declaration form) (West 2006). Accordingly, the evidence required Winegardner to present evidence that (1) he and Viner agreed to be married; (2) after agreeing to be married they lived together in Texas as husband and wife; and (3) they represented to others they were married. *See* TEX. FAM. CODE ANN. § 2.401(a)(2). An informal marriage does not exist until the concurrence of all three elements. *Eris v. Phares,* 39 S.W.3d 708, 713 (Tex. App.—Houston [1st Dist.] 2001, pet denied).

Winegardner failed to present any evidence supporting these elements. There is no evidence that Winegardner and Viner ever agreed to be married or that they lived together as husband and wife. *See Van Hooff,* 2016 Tex. App. LEXIS 466, at *10. The agreement-to-be-married element requires proof the man and woman intended to create an immediate and permanent marital relationship and they did in fact agree to be husband and wife. *Id.* at *7; *Burden v. Burden,* 420 S.W.3d 305, 308 (Tex. App.—Texarkana 2013, no pet.); *Eris,* 39 S.W.3d at 714. During the hearing of Hughes's motion to dismiss, Winegardner testified that he and Viner agreed they would marry as soon as sufficient funds for a honeymoon existed. This evidence of future plans negates an essential element of Winegardner's informal marriage claim as it demonstrates the lack of a present intent to be married. *See Town of Shady Shores v. Swanson,* 590 S.W.3d 544, 552 (Tex. 2019) (holding that when responding to a properly-filed and supported challenge to

jurisdiction that implicates the merits, "the plaintiff will be required to present sufficient evidence on the merits of her claims to create a genuine issue of material fact").

Moreover, Winegardner presented no evidence that while in Texas he and Viner represented to others that they were married. *See* TEX. FAM. CODE ANN. § 2.401(a)(2). We hold the trial court did not err in dismissing Winegardner's case for want of subject-matter jurisdiction and that Winegardner lacked standing to contest the will. Winegardner's first issue is overruled.

Second Issue

Winegardner's next issue apparently concerns obtaining the appellate record for preparation of his appellate brief. He complains that because he appears pro se and was not required to e-file documents, he should also have been entitled to receive paper copies of the record rather than copies in an electronic format.

In 2013, the Supreme Court of Texas adopted amendments to the Texas Rules of Appellate Procedure. These amendments require the trial court clerk to file the Clerk's Record electronically unless the clerk receives permission to file the record in paper form. Nothing in the record indicates that Winegardner sought permission to obtain the record in paper format. Moreover, he fails to cite to any authority for his position that the clerk was required to provide a paper record or to demonstrate how any alleged error was harmful to his ability to present his appeal.[6] We overrule Winegardner's second issue.

---

[6] Winegardner argues in his fourth issue he discovered that a portion of the electronic Clerk's Record is out of sequence. This indicates his ability to review an electronic Clerk's Record in the preparation of his appeal.

Third Issue

Winegardner next complains that Judge Brancheau, as an assigned judge, should not have heard both the motion to dismiss and his appeal from justice court in the forcible detainer case. Winegardner does not direct us to, nor do we find, a location in the record indicating he presented this complaint to the administrative judge and obtained an adverse ruling or the administrative judge refused to rule on the complaint and Winegardner objected to the refusal. Error preservation for appellate review requires the complaining party to properly object and obtain an adverse ruling on the record or object to the trial court's refusal to rule on the objection. *Mut. First, LLC, Series 77 v. Butler,* No. 05-15-00578-CV, 2016 Tex. App. LEXIS 7665, at *4 (Tex. App.—Dallas July 19, 2016, no pet.) (mem. op.); *see* TEX. R. APP. P. 33.1(a)(1),(2). Because Winegardner did not preserve the complaint he now assigns as error on appeal, nothing is presented for appellate review. Winegardner's third issue is overruled.

Fourth Issue

Winegardner also asserts the Clerk of this Court provided him an electronic copy of the clerk's record which contained documents that were out of sequence. Again, Winegardner presents an issue which does not assign a claim of trial court error or a showing of how such alleged error is prejudicial to his ability to present an appeal. Nothing is presented for appellate review. Winegardner's fourth issue is overruled.

Fifth Issue

Winegardner next argues the trial court erred by failing to disqualify Hughes's attorney in the probate case and the appeal from justice court because that attorney is

9

alleged to have a conflict of interest. We are not shown by Winegardner, nor do we find, any location in the record where he presented his attorney-disqualification complaint to the trial court, presented any evidence, or obtained an adverse ruling or a refusal to rule. TEX. R. APP. P. 33.1(a)(1),(2). Winegardner's fifth issue is overruled.

Sixth Issue

Through this issue, Winegardner complains that it is "wasteful" to have two legal proceedings regarding Viner's estate. This issue appears to conflict with Winegardner's third issue wherein he complains that Judge Brancheau should not have been permitted to hear both matters. Nevertheless, the record does not indicate that Winegardner presented any motion to consolidate the two cases to the trial court, obtained an adverse ruling or a refusal to rule, or that he was harmed by participating in two proceedings rather than one. Because Winegardner did not preserve this complaint for appellate review, it is overruled. TEX. R. APP. P. 33.1(a)(1),(2), 44.1.

Seventh Issue

Via a seventh complaint, Winegardner asserts that the trial court erred by denying his motion to continue the hearing of Hughes's motion to dismiss and his motion to transfer the case to another county in the 84th Judicial District. According to Winegardner's motion, the panoply of grounds for continuance and to transfer the case to another county appear to include: (1) Winegardner was unable to obtain a reporter's record from the previous week's hearing; (2) the county clerk refused to provide Winegardner with copies of documents from the probate case; (3) inclement weather was forecast; (4) Winegardner has diabetes; and (5) at Hughes's request, water and natural

gas service to Viner's mobile home, which Winegardner continued to occupy, were disconnected. The motion was not verified or supported by affidavit.

We review the denial of a motion for continuance for an abuse of discretion. *Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 161 (Tex. 2004). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *In re Marriage of Bradley,* No. 07-16-00051-CV, 2016 Tex. App. LEXIS 12828, at *6 (Tex. App.—Amarillo Dec. 1, 2016, no pet) (mem. op.) (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985)). A motion for continuance shall not be granted except for sufficient cause supported by affidavit, consent of the parties, or by operation of law. TEX. R. CIV. P. 251. We presume the trial court did not abuse its discretion if a motion for continuance is not verified. *See Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex. 1986) (stating proposition and citing *Garcia v. Texas Employers' Ins. Assn.,* 622 S.W.2d 626, 630 (Tex. App.—Amarillo 1981, writ ref'd n.r.e)).

The record reflects that the date for hearing the de novo review of the forcible entry and detainer and the motion to dismiss was set by prior agreement of the parties. Winegardner appeared for both, participated in the jurisdictional hearing by presenting documents, cross-examined Hughes's witnesses, and testified. We conclude the trial court did not abuse its discretion by denying Winegardner's request for a continuance of the December 7 hearing.

As for the requested case transfer, Winegardner generally alleged that he was unable to obtain a fair trial in Moore County. The general venue statute for probate proceedings fixed venue in Moore County. TEX. EST. CODE ANN. § 33.001(a)(1) (West

11

Supp. 2019). However, Texas Rule of Civil Procedure 257 permits a trial court to grant a change of venue in a civil case on allegation of one of the causes listed in the rule, including inability to obtain an impartial trial in the county where the action is pending, supported by the moving party's affidavit and the affidavit of at least three credible persons who are residents of the county in which suit is pending. TEX. R. CIV. P. 257. Winegardner did not support his motion with any required evidence. We therefore conclude the trial court did not abuse its discretion by hearing the matters in Moore County. Winegardner's seventh issue is overruled.

Eighth Issue

> In his eighth issue Winegardner argued:
>
> All of the Moore County court personnel (clerks, secretaries, Judges, county attorney, and court reporter) resent appellant representing himself without an attorney because he asks the court staff questions, and have systematically answered with "we cannot provide legal advice," which has consistently denied Appellant's civil rights, causing him extensive damages and emotional distress.

From what we can gather from his argument, Winegardner appears to simultaneously claim the right to appear without an attorney and complain about the court staff's refusal to answer his legal questions while he represents himself. This complaint was neither alleged in the trial court nor presented there for adjudication. Moreover, Winegardner presents no authority for his position or authority for how his allegations affected the trial court's orders. It accordingly presents nothing for appellate review. Winegardner's eight issue is overruled.

Conclusion

Having overruled each of Winegardner's issues, we affirm the trial court's order dismissing the will contest and its order affirming the order of the justice court in the forcible detainer case.


Lawrence M. Doss
Justice